454 So.2d 31 (1984)
Gerald B. NATELSON, Appellant,
v.
DEPARTMENT OF INSURANCE, Appellee.
No. AU-384.
District Court of Appeal of Florida, First District.
July 27, 1984.
Rehearing Denied September 6, 1984.
*32 Richard A. Barnett, P.A., Hollywood, for appellant.
Curtis Billingsley, Dept. of Ins., Tallahassee, for appellee.
ERVIN, Chief Judge.
Appellant, Gerald Natelson, challenges the final order of Florida Department of Insurance (the department), revoking his licenses as insurance agent in opposition to the recommended order of Department of Administrative Hearings (DOAH) hearing officer. We find his argument to be without merit and AFFIRM the ruling below.
Natelson, a licensed insurance agent, was indicted in federal court for his involvement in an unconsummated conspiracy to distribute and possess with intent to distribute methaqualone, hashish, and cannabis in violation of 21 U.S.C. §§ 841(a)(1) and 846. The indictment was based on his overt acts of attending three meetings with co-conspirators. Although he admittedly knew that the planned activity was illegal, Natelson maintained that his role was merely one of introducing the conspirators and that he did not expect to profit from the conspiracy. Natelson pled guilty to the charge as it related to cannabis only and was sentenced to a term of thirty months in a federal penitentiary.
After release from prison, Natelson was charged by administrative complaint with (1) demonstrating lack of fitness or untrustworthiness to engage in the business of insurance, Section 626.611(7), Florida Statutes; (2) having pled guilty, in this or any state, to a felony involving moral turpitude, Section 626.611(14), Florida Statutes, and (3) having pled guilty, in this or any state, to a felony, Section 626.621(8), Florida Statutes. Natelson protested the complaint and a hearing was held, resulting in an order of the DOAH hearing officer recommending dismissal of all counts of the complaint. In its final order, the department adopted the recommended order's findings of fact, as modified by the department's findings, rejected the hearing officer's conclusions of law and revoked Natelson's licenses.
Natelson contends on appeal that his plea of guilty to conspiracy to distribute and possess with intent to distribute cannabis was an insufficient basis for the department's finding that he has demonstrated a lack of fitness or trustworthiness to engage in the business of insurance and that his license, therefore, is not subject to the mandatory revocation sanctions of Section 626.611(7). We cannot agree.
Agencies are afforded wide discretion in the interpretation of a statute which it administers and will not be overturned on appeal unless clearly erroneous. Pan American World Airways, Inc. v. Florida Public Service Commission and Florida Power & Light Company, 427 So.2d 716, 719 (Fla. 1983). The reviewing court will defer to any interpretation within the range of possible interpretation. Department of Health and Rehabilitative Services v. Wright, 439 So.2d 937 (Fla. 1st DCA 1983); Department of Administration v. Nelson, 424 So.2d 852 (Fla. 1st DCA 1982); State, Department of Health and Rehabilitative Services v. Framat Realty, Inc., 407 So.2d 238 (Fla. 1st DCA 1981). In the instant case, the department's construction of the term "lack of fitness or trustworthiness to engage in business of insurance" as including the conviction of criminal conspiracy to traffic in illicit drugs is well within the range of possible constructions. Insurance is a business greatly affected by the public trust, and the holder of an agent's license stands in a fiduciary relationship to both the client and insurance company. It is certainly possible to perceive the acts to which Natelson pled guilty as evincing untrustworthiness and unfitness to maintain such a trusted fiduciary position. We are compelled, therefore, *33 to AFFIRM the final order revoking Natelson's licenses on the basis of a violation of section 626.611(7). In so doing we need not reach the issues raised as to revocation under sections 626.611(14) and 626.621(8).
BOOTH and WENTWORTH, JJ., concur.