BOOTH, Chief Judge.
This cause is before us on appeal from an order of the Florida Department of Administration, Division of Retirement (Division), rejecting the hearing officer’s recommended order and assessing damages against the School Board of Pinellas County (School Board). We reverse.
Although appellant has raised two issues, only one merits discussion: whether the six-day delivery time of the School Board check for social security withholding taxes for the payroll period May 1 through 15, 1984, was an exceptional circumstance which entitled the School Board to a waiver of the penalty.
Contrary to the recommendation of the hearing officer, the Division assessed a $9,698.15 penalty and interest against the School Board for late payment and social security taxes for the School Board’s payroll period of May 1 through 15, 1984.
The School Board’s check for payment of social security taxes dated May 15, 1984, was mailed from Clearwater to the Division on May 16, 1984. The check was in the correct amount due and was addressed to the proper address for delivery. The Division received the check at 8:13 a.m., May 22, 1984, in Tallahassee.
The standard delivery time for the Clear-water branch of the United States Post Office to Tallahassee is two days. The Division has an express and actual policy of accepting payment of taxes through the United States mail. The School Board is required to remit its payment of social security taxes in time to be received by the Division no later than the twentieth for a payroll period ending during the first 15 days of the month. Section 650.05(4), Florida Statutes, provides a one percent penalty for all late payments. On September 28, 1984, the School Board paid $9,698.16 un *768 der protest to cover the penalty and accrued interest. Section 121.071(5), Florida Statutes, states in pertinent part:
Contributions received in the office of the Division of Retirement of the Department of Administration after the prescribed date shall be considered delinquent unless, in the opinion of the Division, exceptional circumstances beyond an employer’s control prevent remittance by the prescribed due date notwithstanding such employer’s good faith efforts to effect delivery.
Agencies are afforded wide discretion in interpretation of the statute which they administer and will not be overturned on appeal unless clearly erroneous. In this case, however, the Division’s interpretation was clearly erroneous. Natelson v. Department of Insurance, 454 So.2d 31, 32 (Fla. 1st DCA 1984).
As the hearing officer noted when he recommended that the penalty and interest be waived, once payment was placed in the United States mail its handling was beyond the School Board’s control. Both parties stipulated that the normal delivery time from Clearwater to Tallahassee is two days and that the check was put in the mail four days before the due date. Although the School Board could have used other means of delivery, under these circumstances there was no need. The Division has even sent instructions that, if the payment is transmitted in advance of the payroll date, then the United States mail should enable employers to meet the delivery deadline.
The School Board demonstrated a good-faith effort to ensure delivery by cutting the check on the fifteenth when employees’ checks were cut, mailing the check on the sixteenth, and allowing four days for delivery. Accordingly, we reverse and remand with instructions to the Division to enter an order consistent with this opinion.
SMITH and WENTWORTH, JJ., concur.