NIMMONS, Judge.
This is an appeal from a final order of the Department of Insurance (Department) revoking “all licenses and eligibility for licensing heretofore issued” to the appellant. We Affirm.
The Department filed an administrative complaint against appellant alleging that, while licensed as a health insurance agent and as a legal expense insurance agent in the State of Florida, appellant was convicted in the United States District Court for the Middle District of Florida of various counts of:
1. knowingly, intentionally and unlawfully conspiring with another to commit an offense or to defraud the United States (18 U.S.C. § 371);
2. mail fraud (18 U.S.C. § 1341); and
3. using a fictitious name or address to commit mail fraud (18 U.S.C. § 1342).
The complaint further alleged that the appellant was sentenced therefor to a term of incarceration of five years.
Consequently, the complaint sought revocation or lesser penalties on the following statutory grounds:
(a) Demonstrated lack of fitness or trustworthiness to engage in the business of insurance. (Section 626.611(7), Florida Statutes)
(b) Having been found guilty of, or having pleaded guilty or nolo contendere to, a felony in this state or any other state which involves moral turpitude, without regard to whether a judgment of conviction has been entered by the court having jurisdiction of such cases. (Section 626.611(14), Florida Statutes)
(c) Having been found guilt of, or having pleaded guilty or nolo contendere to, a felony in this state or any other state, without regard to whether a judgment of conviction has been entered by the court having jurisdiction of such cases. (Section 626.621(8), Florida Statutes)
A formal hearing was held before a hearing officer pursuant to Section 120.57(1), Florida Statutes. At the hearing, the Department presented evidence of the federal indictment, the fact that the appellant was tried thereon, found guilty by a jury as charged on all five counts in the indictment, and sentenced to five years of which he served eight months before being released on parole. The appellant presented evidence explaining his alleged role in the conspiracy which evidence purported to exculpate him from complicity in the crimes charged in the indictment.
*168 In his recommended order recommending dismissal of all charges against the appellant, the hearing officer found the Department had failed to establish that the federal crimes for which the appellant was convicted were felonies and that the Department had therefore failed to establish grounds for revocation or other penalty under either Section 626.611(14)[1] or Section 626.621(8),[2] Florida Statutes. The Department did not object to this finding, and has not raised any issue with respect thereto on appeal.
With respect to the remaining ground asserted in the administrative complaint, i.e. appellant’s “demonstrated lack of fitness or trustworthiness to engage in the business of insurance” (Section 626.611(7)), the recommended order contained the following findings of fact:
(11) The record is clear that Respondent had no knowledge of the schemes, was following orders of his superiors, and received no money, property, or other consideration for his participation in the schemes.
(12) The only evidence in the record concerning the Respondent's participation in the mail fraud is that the Respondent did apparently mail some matters concerning David R. Michalski’s expense vouchers. Whether he mailed anything concerning the “kick-back scheme” or the inflated bills for advertising and public relations is not clear from the record.
The hearing officer concluded in his conclusions of law section:
Petitioner also alleges that the commission of the offenses by the Respondent demonstrates his lack of fitness or trustworthiness to engage in the business of insurance and thereby grounds for disciplinary action under Section 626.611(7), Florida Statutes. However, in considering the underlying facts that resulted in the Respondent’s conviction most favorable to the Petitioner, they fail to demonstrate a lack of fitness or trustworthiness on the part of the Respondent to engage in the business of insurance, particularly in light of Respondent’s reputation in the community, his desire to put the conviction “behind him” and to “get on with his life” by properly preparing himself with courses concerning insurance.
In its final order, the Department rejected the above conclusion as well as the hearing officer’s findings of fact numbered 11 and 12. The final order relied upon the appellant’s convictions of the above crimes which the Department concluded rendered him unfit and untrustworthy to engage in the business of insurance.
We agree with the Department that this case is controlled by our decision in Natelson v. Department of Insurance, 454 So.2d 31 (Fla. 1st DCA 1984). There the defendant, Natelson, a licensed insurance agent, was convicted of a federal drug offense. The Department of Insurance proceeded against his license, charging him by administrative complaint with: (1) demonstrating lack of fitness or untrustworthiness to engage in the business of insurance (Section 626.611(7)); (2) having pled guilty, in this or any state, to a felony involving moral turpitude (Section 626.611(14)); and (3) having pled guilty, in this or any state, to a felony (Section 626.621(8)). After the hearing, the hearing officer recommended dismissal of all counts of the complaint. The Department adopted the hearing officer’s findings of fact, as modified by the Department’s findings, rejected the hearing officer’s conclusions of law and revoked Natelson’s license.
*169 Inasmuch as the Court found the Department’s revocation order sustainable under the first ground (demonstrated lack of fitness — Section 626.611(7)), the Court did not reach the issues raised by the other two grounds under Sections 626.611(14) and 626.621(8). The opinion was thus conveniently (for us) narrowed to the same ground as that with which we are involved in our case. The Court held that regardless of whether the criminal conviction was of a felony involving moral turpitude — or for that matter a felony at all — the Department’s construction of the term “lack of fitness or trustworthiness to engage in the business of insurance” as including the conviction of the federal crime with which Natelson was charged was well within the range of permissible constructions of Section 626.611(7). The Court relied upon the familiar rule which affords agencies wide discretion in the interpretation of statutes administered by them.
That is precisely what we have in the instant case. However, appellant insists that reversal is mandated by the Supreme Court’s holding in Trucking Employees of North Jersey Welfare Fund, Inc. v. Romano, 450 So.2d 843 (Fla.1984).[3] We disagree.
In Romano, the limited partners of a limited partnership sued the general partners and business managers alleging breach of fiduciary duty, conspiracy to defraud, breach of the limited partnership contract and a violation of the federal RICO statute. A federal criminal indictment was also filed against the general partners and business managers charging numerous counts of fraud and misrepresentation. The limited partners were named as victims in the indictment. The defendants were found guilty on all counts of the indictment.
Subsequently, the plaintiffs filed a motion for summary judgment in their civil suit in reliance upon the guilty verdict returned by the jurors in the federal criminal trial. The plaintiffs asserted that the conviction conclusively established the factual allegations of the civil complaint for purposes of res judicata and collateral estop-pel. The trial court agreed with the plaintiffs and entered summary judgment on the issue of liability, reserving jurisdiction to determine damages. The Fourth District Court of Appeal disagreed and reversed. The Supreme Court agreed with the Fourth District, holding that a litigant who was not a party to the criminal proceeding may not use the conviction offensively in a civil suit to prevent the same defendant from relitigating issues resolved in the criminal case.
Such holding, however, does not preclude the legislature from promulgating a licensing statute which authorizes revocation for “demonstrated lack of fitness or untrust-worthiness to engage in the business of insurance” (Section 626.611(7)) and to construe such terminology as encompassing the conviction of the subject federal crimes. Just as the Department in Natelson was at liberty to construe such statutory terminology as including the conviction of criminal conspiracy to traffic in illicit drugs, so also it was within the range of permissible construction for the Department in the instant case to construe such terminology as encompassing the convictions of the subject federal crimes.
We have examined the other issue raised by appellant and find the same to be without merit.
AFFIRMED.
SMITH, C.J., and BOOTH, J., concur.

. Section 626.611(14), quoted as follows, is one of several grounds for compulsory refusal, suspension, or revocation of an insurance agent’s license:
(14) Having been found guilty of, or having pleaded guilty or nolo contendere to, a felony in this state or any other state which involves moral turpitude, without regard to whether a judgment of conviction has been entered by the court having jurisdiction of such cases.

. Section 626.621(8), quoted as follows, is one of several grounds for discretionary refusal, suspension, or revocation of an agent’s license:
(8) Having been found guilty of, or having pleaded guilty or nolo contendere to, a felony in this state or any other state, without regard to whether a judgment of conviction has been entered by the court having jurisdiction of such cases.

. This is the only case cited by appellant in his initial brief. Curiously, appellant makes no mention of Natelson — and does not file a reply brief in response to the Department’s brief in which the Department asserts that Natelson is controlling. The natural inclination is for us to assume that appellant has conceded, sub silen-tio, that Natelson controls. But we would also point out that the Department in its brief makes no mention whatsoever of Romano, the case around which the appellant has built his entire argument. The two briefs filed in this case remind us of two ships passing in the night, never seeing each other.