SMITH, Chief Judge.
In this consolidated appeal, appellant, Gulf Coast Home Health Services of Florida, Inc. (Gulf Coast), seeks review of two final agency orders entered by the Department of Health and Rehabilitative Services (HRS) denying its request for licenses to operate four additional home health care subunits. We affirm.
In accordance with a Medicare provider number, Gulf Coast has been providing home health services to patients residing in Pinellas, Pasco, Hillsborough and Hernan-do Counties since prior to April 30, 1976. At that time, Gulf Coast had an agency located in St. Petersburg for which it was granted an operating license shortly after the Legislature enacted the Home Health Services Act (sections 400.461 — 400.505, Florida Statutes) in 1975 and an amendment thereto in 1976. In 1981, HRS granted Gulf Coast three additional licenses to operate subunits in Hillsborough, Pasco, *263 and Hernando Counties. In 1984 and 1985, HRS granted Gulf Coast a license to operate a second subunit in Pasco and Pinellas Counties, respectively. At present, Gulf Coast is licensed to operate six agencies in four counties. All six licenses were granted to Gulf Coast without certificate of need (CON) review because of HRS’s interpretation of the grandfather clause contained in Section 400.504, Florida Statutes (1985).
Gulf Coast now seeks licenses, again without CON review, to operate four additional subunits — one in Hillsborough County, two in Pasco County, and one in Pinel-las County — on the basis of its grandfathered status.
Section 400.504, Florida Statutes (1985), states in relevant part the following:
Any home health agency operating and providing services in the state and having a provider number issued by the U.S. Department of Health, Education, and Welfare on or before April 30,1976, shall not be denied a license on the basis of not having received a certificate of need.
HRS originally interpreted the above section to mean that a grandfathered agency could open subunits without CON review in those counties it was serving when grandfathered in. When HRS entered its final orders in the present case, it construed the provision to mean that a grandfathered agency could open only one subunit without CON review in each of the specified counties. Gulf Coast, on the other hand, contends that section 400.504 merely limits the grandfathered agency to a specified geographical area, but within that area, it may open an infinite number of subunits without CON review. Gulf Coast does not challenge the requirement that a grandfathered agency must obtain a separate license to operate each subunit, only the requirement that the license application be subjected to CON review.
After careful consideration, we reject both parties’ interpretation of the grandfather clause as set forth in the final orders and appellate briefs.[1] The exemption from CON review contained in section 400.504 is limited to home health agencies that were issued a Medicare provider number on or before April 30, 1976 and which were operating and providing services in Florida when the licensing law governing home health agencies went into effect. The term, “home health agency,” is defined in section 400.462(2) as “any public agency or private organization, or a subdivision of such an agency or organization, whether operated for profit or not, which provides home health services and which is certified or seeks certification as a Medicare home health service provider, ...” The terms, “subdivision” and “subunit,” are defined by administrative rule.[2] “Subdivision” is a “component of a multi-function agency which independently meets the minimum standards for licensure.” Rule 10D-68.-02(18), Florida Administrative Code. A “subunit” is “a semi-autonomous agency which serves persons in a county different from the parent agency and/or is incapable of sharing administration, supervision and services on a daily basis with the parent agency.” Rule 10D-68.02(19), Florida Administrative Code. Although there is no specific statutory reference to the term, “subunit,” from its definition it is clear that a subunit is a subdivision of a home health agency. As such, it must be licensed. Sections 400.462(2) and 400.467(1), Florida Statutes (1985). Compare the definition of a field office which does not require licensing. Rule 10D-68.02(20), Florida Administrative Code. Before a license may be issued to operate a home health *264 agency or its subdivision, a certificate of need is required. Section 400.471(3), Florida Statutes (1985).[3]
In interpreting the provisions of a statute, the legislative intent is the polestar by which courts must be guided. Wakulla County v. Davis, 395 So.2d 540 (Fla.1981). By including the term “subdivision” in the definition of home health agency, clearly the legislature intended that a facilitiy, such as a subunit, be separately licensed.
It is axiomatic that a statute will not be construed so as to reach an absurd or ridiculous result. To interpret the grandfather clause as Gulf Coast urges would stifle competiton and lead to a monopoly in the service area contrary to the legislative intent expressed in section 381.493(2), Florida Statutes (1985). Under Gulf Coast’s interpretation, by adding subunits, grandfathered agencies could increase at will their capacity to serve the public without ever being subjected to the CON process. We are not persuaded by Gulf Coast’s argument that the opening up of new subunits in different counties does not necessarily mean the addition of new patients, only better service to old ones. Implicit in Gulf Coast’s argument is the contention that a subunit is something less than a home health agency. However, to relegate a subunit, which has all the characteristics of a subdivision, to such an inferior position would defeat the purpose of the home health agency licensing statute. We, therefore, decline to follow Gulf Coast’s interpretation.
An agency’s construction of a statute will be accorded great deference, except when there is clear error or conflict with the intent of the statute. San Souci v. Division of Florida Land, etc., 421 So.2d 623 (Fla. 1st DCA 1982); Natelson v. Department of Insurance, 454 So.2d 31 (Fla. 1st DCA 1984). We therefore affirm the agency's two final orders denying Gulf Coast’s request for licenses, without CON review, to operate four additional subunits, since these subunits are the equivalent of home health agencies in their own right.[4]
After a careful review of the record and relevant law, we find that the other issues raised by appellant are without merit or, in the alternative, are no longer relevant in light of our interpretation of section 400.-504.
AFFIRMED.
ERVIN, J., concurs.
BOOTH, J., dissents with written opinion.

. At oral argument, counsel for HRS candidly admitted that the agency had mistakenly interpreted the grandfather clause and that its current policy is inconsistent with the law. We agree and will not compound the error by sanctioning an interpretation which would allow a proliferation of subunits without CON review.

. We note that HRS has amended Rule 10D-68.-02 (now 10D-68.002) by deleting the terms "subunit” and "field office” and by adding the term ‘branch office.” These changes have no bearing on our decision here which applies the law in effect when the two recommended orders were entered. Gulf Coast does not argue on appeal that the issue is moot because of the rule change. Rather, it argues, inter alia, that it is entitled to a license without CON review for each of the subunits because of its grandfathered status.

. This section states that HRS "shall not issue a license to a home health agency which fails to receive a certificate of need under the provisions of ss. 381.493-381.497.” In 1987, this section was amended by deleting “381.493-381.497" and adding "381.701-381.715,” which is the current CON law. Section 45, Chapter 87-92, Laws of Florida.

. There is no issue before us concerning those licenses already issued to Gulf Coast to operate several other subunits; consequently, nothing in this opinion may be interpreted as in any way suggesting invalidity with respect to the licenses granted for those subunits.