ERVIN, Judge.
Appellant, James Beam Distilling Company (Jim Beam), appeals a final order of the Division of Alcoholic Beverages and Tobacco denying appellant’s application for special excise tax classification sought pursuant to Section 564.06, Florida Statutes (1985).
Appellant raises three issues in its appeal. Finding no merit regarding the first two issues, we address only the third in which appellant argues the special excise tax scheme embraced within the provisions of Section 564.06, Florida Statutes (1985), is unconstitutional on its face, or as applied by the Division of Alcoholic Beverages and Tobacco. As the statute has been ruled unconstitutional prospectively by the Florida Supreme Court in Division of Alcoholic Beverages and Tobacco, Department of Business Regulation v. McKesson Corp., 524 So.2d 1000 (Fla.1988), we see no need to consider appellant’s facial constitutionality claims and discuss only the constitutionality of the statute as applied to the taxpayer’s request for a special classification during the 1986-1987 tax year.
Appellant sought special excise tax classification pursuant to section 564.06 for several distilled spirit products manufactured from citrus fruit and sugar cane in Florida and bottled in the state of Indiana. The special excise tax classification was denied by the Division because Indiana was determined to have provided economic incentives to alcoholic beverages manufactured within Indiana and to have enacted discriminatory taxes favoring Indiana-produced beverages in violation of section 564.06(9)(a) and (b), providing that the special tax rates authorized in section 564.06 shall not be available in Florida to alcoholic beverages manufactured in states imposing discriminatory taxes against alcoholic beverages manufactured or bottled out-of-state, or to such beverages produced in states providing them agricultural price supports or other economic incentives or advantages.
Appellant does not dispute the existence of special taxing status and other economic incentives allowed by Indiana statutes to small Indiana wineries for Indiana products not exported out of the state.[1] Appellant instead essentially argues that because it is producing a distilled spirit product, it was not capable of taking advantage of the special tax status or economic incentives available to small Indiana wineries, therefore it should not be penalized in Florida by the existence of such provisions of Indiana *452 law. We conclude that the Division of Alcoholic Beverages and Tobacco’s interpretation of the statute is reasonable, as the plain language of the statute does not provide that special tax status shall be denied only if a taxpayer avails itself of an out-of-state tax advantage or obtains some other economic incentive. In our review of an agency’s action involving an interpretation of a statute or rule, we have often deferred to an “agency’s interpretation of its own rules or operable statutes.... ” Reedy Creek Improvement District v. State of Florida Department of Environmental Regulation, 486 So.2d 642, 648 (Fla. 1st DCA 1986). See also Natelson v. Department of Insurance, 454 So.2d 31, 32 (Fla. 1st DCA 1984), pet. for rev. denied, 461 So.2d 115 (Fla.1985); Palm Beach Junior College Board of Trustees v. United Faculty of Palm Beach Junior College, 425 So.2d 133, 136 (Fla. 1st DCA 1982), approved in part and disapproved in part, 475 So.2d 1221 (Fla.1985); Department of Administration v. Nelson, 424 So.2d 852 (Fla. 1st DCA 1982); State, Department of Health and Rehabilitative Services v. Fra-mat Realty, Inc., 407 So.2d 238, 241 (Fla. 1st DCA 1981).
Furthermore, even if the statute were applied by the Division in an unconstitutional manner, this court is without power to provide a remedy to the taxpayer. The statute has already been ruled unconstitutional by the Florida Supreme Court in McKesson, specifically rejecting the argument that a refund should be given a taxpayer as a result of the invalidly levied excise tax on alcoholic beverages. In so holding, the court observed that the cost of the tax had likely been passed on to the retail purchasers of the beverages, and to order a tax refund under such circumstances would in all probability result in a windfall to the distributors. 524 So.2d at 1010.
AFFIRMED.
BOOTH and WENTWORTH, JJ., concur.

. The relevant Indiana statutes are section 7.1-4-4-1, Indiana Code Annotated, exacting a 27-cent per gallon tax for wine produced by Indiana small wineries, compared to a 47-cent per gallon rate for other alcoholic beverages, and section 7.1-3-10-13, Indiana Code Annotated, allowing small Indiana wineries to have their products sampled at Indiana liquor stores, but making no similar provision for sampling of other alcoholic beverages.