JOANOS, Chief Judge.
The American Federation of Teachers-Hillsborough (AFT-H) has appealed from a final order of the Public Employee Relations Commission (PERC). PERC found that the School Board of Hillsborough County (Board) did not commit an unfair labor practice by restricting distribution of minority union organizational material in faculty lounges. The Board has cross-appealed from a finding in the same order that it committed an unfair labor practice by restricting the posting of the same material on school bulletin boards. We affirm.
AFT-H is a union whose members want to replace the Hillsborough County Teachers Association (HCTA) as the certified bargaining agent for instructional employees of the Board. Ms. Vilmure and Mr. Lopez are teachers and Board employees who are AFT-H members, and stewards in their respective schools. In September 1989, both were told by their principals that they could not post AFT-H organizational materials on school bulletin boards, nor leave them lying about on tables and countertops in the teachers’ lounges.
Section 447.501(l)(a) provides that it is an unfair labor practice for a public employer to “interfer[e] with, restrain, or coercje] public employees in the exercise of any rights guaranteed them under this part.” Section 447.301(1) states that “public employees shall have the right to form, join, and participate in any employee organization of their own choosing.” This includes the right to communicate about organization at the job site, Okaloosa-Walton Co. Jr. College Board of Trustees v. PERC, 372 So.2d 1378 (Fla. 1st DCA 1979), cert. den. 383 So.2d 1200 (Fla.1980), subject to the limitations established in section 447.-509(l)(a) and (b). Subsection (b) prohibits the distribution of literature “during working hours in areas where the actual work of public employees is performed.” Based on the restrictions placed on Vilmure and Lopez, AFT-H filed an unfair labor practice charge against the Board in December 1989.
The Board’s main defense to the charge was that Vilmure and Lopez were not “employees” with communication rights, but simply “fronts” for AFT-H, which had no right of access to school facilities for organizational purposes. PERC denied certain requests for discovery to bolster this defense. However, the Board was allowed to question Vilmure and Lopez along these lines, and both testified that they had acted from personal belief in the AFT-H. The hearing officer rejected the defense, finding it illogical to abridge the right to communicate about organization when it was exercised in favor of a particular organization.
The hearing officer proceeded to find that the Board had committed an unfair labor practice by banning AFT-H material from school bulletin boards, either because the boards were used for general purpose announcements, Dade Teacher’s Assn. FTP-NEA v. School Board of Dade Co., 7 FPER 12398 (1981), aff'd. 421 So.2d 645 (Fla. 3d DCA 1982), or because space was provided to HCTA, School Board of Lee Co. v. PERC, 513 So.2d 1286 (Fla. 1st DCA 1987). As to leaving materials in the teachers’ lounges, the hearing officer found that this constituted distribution, which is allowed only in a non-work area between employees on non-work time. Because the lounge was a non-work area, Lopez and Vilmure were on non-work time, and “some if not all” of the employees there were on non-work time, he also found a violation as to the lounge.
In its final order, PERC adopted the factual findings of the hearing officer. It also agreed that employee status is not obviated by a close relationship with a rival union. As to the bulletin boards, PERC found the issue governed by Lee Co., that is, if space is provided to an incumbent union, it must be provided to rival unions as well. The hearing officer’s recommendation as to this issue was therefore adopted. However, as to the lounge distribution, PERC noted that such distribution had to be on the non-work *64 time both of the distributing employees and those who were the intended recipients. While agreeing that Vilmure and Lopez were on non-work time, and that the lounge was a non-work area, PERC found that recipient employees often worked in that area. Therefore, AFT-H material could be banned, unless distribution of HCTA material was allowed. Finding no evidence of such distribution, PERC found no violation as to the lounge.
AFT-H appeals PERC’s ruling as to the lounges, arguing first that it erred in interpreting section 447.509(l)(b) to mean that both distributing and recipient employees must be on non-work time. This is simply a matter of statutory interpretation by the agency charged with its enforcement, in which it is accorded wide discretion. Natelson v. Department of Insurance, 454 So.2d 31, 32 (Fla. 1st DCA 1984). However, AFT-H also argues that, given the correctness of the interpretation, PERC based its decision on a fact not found in the record, i.e. that some recipients in the lounges were working. However, the hearing officer found only that “some if not all” of the recipient employees were not working. AFT-H did not file an exception to that finding, and PERC’s statement that “some teachers work in the lounge” is not contrary to or inconsistent therewith.
Finally, AFT-H argues that PERC erred in rejecting the hearing officer’s finding that, by its actions, the Board unlawfully discriminated against AFT-H literature. However, the hearing officer found only that one HCTA newspaper was present in the teachers’ lounges at the relevant time, and PERC adopted that finding. It simply went on to hold that the mere presence of that newspaper did not prove discrimination as a matter of law, i.e. that the Board had permitted “distribution” of the HCTA paper while barring AFT-H material, or that the Board had allowed it to remain while removing AFT-H material. We find no error as to this issue.
Turning to the cross-appeal, the Board alleges that PERC: 1) failed to find that Vilmure and Lopez were “fronts” for AFT-H, and 2) ignored the fact that HCTA’s own bulletin board use was restricted, and that it did not solicit AFT-H’s blue-collar membership. First, the Board cites no authority to the effect that an employee gives up his right to communicate about organization when he joins a union. More importantly, there was no evidence that Vilmure and Lopez acted as “fronts” for AFT-H. They were Board employees, AFT-H did not tell them what to distribute or that distribution was required, did not pay them to distribute, and they expressed personal belief in AFT-H goals. We do not address the argument that PERC’s discovery rulings prevented an adequate showing on this issue, in that those rulings are not argued on their merits. See Winslow v. Ft. Myers Beach Fire Control District, 4 FPER 4268 (1978).
Finally, the Board argues that the PERC should have rejected the hearing officer’s recommendation as to the bulletin boards under the same logic it applied to the teachers’ lounges, i.e. the Board is not allowing HCTA to do anything it is not allowing AFT-H to do. It points to certain restrictions on the content of HCTA union material, and to an agreement by HCTA not to solicit AFT-H's blue collar membership. However, the evidence does not show the exact nature of the content restriction or how it is enforced. Lee Co. clearly requires that, if bulletin board space is provided to an incumbent union, it must be provided to rival unions. We decline to find that content restrictions can be used to circumvent that requirement. Finally, it is clear that HCTA simply chose not to solicit AFT-H membership. This cannot be equated with affirmative restriction of such solicitation by AFT-H.
Affirmed.
SMITH, J., concurs.
BARFIELD, J., dissents with opinion.