749 So.2d 525 (1999)
Jose N. PROENZA SANFIEL, R.N., Appellant,
v.
DEPARTMENT OF HEALTH, Appellee.
No. 98-1717.
District Court of Appeal of Florida, Fifth District.
December 17, 1999.
Jose N. Proenza Sanfiel, St. Cloud, pro se.
Kathryn L. Kasprzak, Senior Attorney for the Agency for Health Care Administration, Tallahassee.
THOMPSON, J.
Jose N. Proenza Sanfiel appeals a final order issued by the State Board of Nursing following disciplinary proceedings. The order suspends Proenza Sanfiel's psychiatric nursing license and places him on probation for five years for disclosing confidential patient information. We affirm.
Proenza Sanfiel raises several issues which have no merit. We address one issue: whether the State Board of Nursing was authorized to suspend Proenza Sanfiel's license because of his conduct involving patients not under his care.
Proenza Sanfiel obtained a computer[1] which was previously owned by Charter Behavioral Health System("Charter"), a psychiatric hospital in Orlando. Charter's *526 patient records were contained in the computer. Proenza Sanfiel testified that he reviewed this information and recalled that Charter was being investigated for defrauding the government. He contacted local law enforcement and the state attorney's office to initiate a criminal investigation. The agencies declined, telling him that the matter was outside their jurisdictions. Proenza Sanfiel then called the news media and allowed them to see the information concerning the patients. He asked that the patients' names be blurred to protect their identity. He believed that the information on the computer should have been erased before the computer was donated as surplus. He told reporters that the hard drive contained the names of psychiatric patients, their admission dates, types of addiction, treatments and psychiatric disorders. The story was broadcast along with the patients' names and diagnoses shown on the computer screen. One of the journalists located and interviewed a patient identified from Sanfiel's computer. The patient was tremendously distraught over the fact that his confidential medical information was being exposed to the public. An unknown number of other patients were also contacted by the news media.
The State Agency for Health Care Administration ("AHCA") immediately began investigating and ordered an emergency suspension of Proenza Sanfiel's nursing license. When the representative for AHCA asked for the hard drive with the patients' confidential information, Proenza Sanfiel refused to surrender it. When representatives from Charter asked that the computer be returned, Proenza Sanfiel again refused, but suggested he would be willing to return the computer and the information for $20,000. Charter obtained an injunction prohibiting Proenza Sanfiel from disclosing confidential patient information.
Proenza Sanfiel does not dispute that he made the disclosure or that as a psychiatric nurse he knew that the information on the computer was confidential. He admitted that he was aware that a nurse could be disciplined for disclosing confidential psychiatric information to unauthorized persons. However, he argues that he could not be punished because he was acting in a private capacity and not as a nurse to the patients whose records were contained on the computer.
The Board's authority to discipline Proenza Sanfiel is derived from Chapters 455 and 464, Florida Statutes. Chapter 455 contains general provisions for the regulation of all professions, while Chapter 464 specifically addresses nursing. Proenza Sanfiel may not have been practicing nursing in January 1997, but he was licensed and his license was active and evidently in good standing. Therefore, the Board had jurisdiction to discipline him. Compare Boedy v. Dept. of Professional Regulation, Board of Medical Examiners, 433 So.2d 544 (Fla. 1st DCA 1983) (Board of Medical Examiners had jurisdiction to discipline physician whose license was inactive) with Taylor v. Dept. of Professional Regulation, Board of Medical Examiners, 534 So.2d 782 (Fla. 1st DCA 1988) (Board of Medical Examiners lacked jurisdiction to discipline physician for professional misconduct which occurred before he became licensed). That Proenza Sanfiel was not working as a nurse and had no professional relationship with the patients whose records were on his computer has no bearing on the Board's jurisdiction to discipline him. Rather, those circumstances are relevant to whether he may be disciplined for his actions.
Under section 464.108(1)(l), Florida Statutes (1997), Proenza Sanfiel could be disciplined for "[k]nowingly violating any provision of this chapter, a rule of the board or the department, or a lawful order of the board or department previously entered in a disciplinary proceeding *527 or failing to comply with a lawfully issued subpoena of the department." The Board the determined that Proenza Sanfiel violated Florida Administrative Code Rule 59S-8.005(1)(e) "by violating the confidentiality of information or knowledge concerning a patient." An agency's interpretation of a statute or rule it has authority to administer should receive deference from a reviewing court and should not be overturned unless it is clearly erroneous. Okeechobee Health Care v. Collins, 726 So.2d 775 (Fla. 1st DCA 1998); Republic Media, Inc. v. Dept. of Transp., 714 So.2d 1203 (Fla. 5th DCA 1998); Metropolitan Dade County v. State Dept. of Environmental Protection, 714 So.2d 512 (Fla. 3d DCA 1998). So long as the agency's interpretation "is within the range of possible and reasonable," it should be affirmed. Republic Media at 1205 (citing Natelson v. Dept. of Insurance, 454 So.2d 31 (Fla. 1st DCA 1984)).
Rule 59S-8.005[2] states in part that unprofessional conduct includes violating the confidentiality of information or knowledge concerning a patient. The Board reasonably interpreted this provision to apply to the circumstances present in this case. Proenza Sanfiel testified that he knew the information he possessed was confidential patient information, and that he understood the danger in disclosing psychiatric records to unauthorized persons. He knew that a nurse could be disciplined for disclosing such information, yet he intentionally released the information to the news media. It is reasonable to characterize Proenza Sanfiel's actions as unprofessional conduct even though Proenza Sanfiel was acting in a "private" capacity. Therefore, we do not disturb the Board's determination.
AFFIRMED.
ANTOON, C.J., and COBB, J., concur.
NOTES
[1] Proenza Sanfiel testified that he obtained the computer from a thrift shop for $20. The executive director of the shop testified there were no records of any purchase of a computer at any time by Proenza Sanfiel. Charter maintains it did not donate the computer to the thrift shop.
[2] Rule 59S-8.005 has been renumbered and is now Rule 64B9-8.005.