858 So.2d 394 (2003)
FLORIDA DEPARTMENT OF EDUCATION, and Jim Horne, in his official capacity as Commissioner of Education, Appellant,
v.
Steven O. COOPER, Appellee.
No. 1D02-4040.
District Court of Appeal of Florida, First District.
November 6, 2003.
*395 Charlie Crist, Attorney General, Daniel J. Woodring, General Counsel Florida Department of Education, Margaret O'Sullivan Parker, Assistant General Counsel Florida Department of Education, Tallahassee, for Appellant.
Mark Herdman, Herdman & Sakellarides, P.A., Palm Harbor, for Appellee.
HAWKES, J.
We are asked to decide whether Florida Comprehensive Achievement Test (FCAT) test instruments, consisting of the test booklet and questions, as distinguished from the test score, are "student records," as that term is defined by Florida law. We find they are not and reverse.
The trial court's final judgment required Appellant, the Department of Education (DOE) to provide Appellee, Steven Cooper, the legal guardian of a student who took and failed the FCAT, with "meaningful access" to the FCAT test instrument. The trial court based its ruling on a finding that the FCAT test instrument should be included in the definition of student record to achieve the purposes of the Student Records Law. In so doing, the trial court erred.
*396 Four canons of statutory interpretation are relevant in resolving this case. First, the court must look to the plain language of the statute. See St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071 (Fla.1982). Where the language is clear and unambiguous, it must be given its plain and ordinary meaning. See Mayo Clinic Jacksonville v. Dep't of Prof'l Regulation, Bd. of Medicine, 625 So.2d 918 (Fla. 1st DCA 1993); Smith v. Crawford, 645 So.2d 513 (Fla. 1st DCA 1994) (quoting State v. Egan, 287 So.2d 1, 4 (Fla.1973) (noting ["e]ven where a court is convinced that the Legislature really meant and intended something not expressed in the phraseology of the act, it will not deem itself authorized to depart from the plain meaning of the language which is free from ambiguity.")). Additionally, courts should not construe a statute so as to render any term meaningless. See Palm Beach County Canvassing Bd. v. Harris, 772 So.2d 1273 (Fla.2000). Moreover, statutes which relate to the same subject must be read in pari materia and construed in such a manner as to give meaning and effect to each part. See id. at 1286. Finally, if the statutory language is ambiguous, the interpretation given the statute by the agency charged with its enforcement is entitled to great deference and should not be overturned unless it is clearly erroneous. See Mayo Clinic Jacksonville, 625 So.2d at 919; Dep't of Ins. & Treasurer v. Bankers Ins. Co., 694 So.2d 70 (Fla. 1st DCA 1997). If the agency's interpretation is within the range of possible and reasonable interpretations, it is not clearly erroneous and should be affirmed. See Sanfiel v. Dep't of Health, 749 So.2d 525 (Fla. 5th DCA 1999); Natelson v. Dep't of Ins., 454 So.2d 31 (Fla. 1st DCA 1984). Here, the trial court's ruling violated each of these canons.
Section 228.093(2)(e), Florida Statutes (2001) (the student record provision), addressing "tests," includes standardized achievement test scores, intelligence test scores, aptitude test scores, and psychological test scores, but conspicuously makes no mention of the test instruments themselves. See id. Thus, the plain language of the statute, when given its ordinary meaning, provides that standardized test scores are student records. See id. The trial court's interpretation renders the term "score" meaningless.
The trial court's interpretation also creates conflict with other statutory provisions in the School Code that relate to the same subject. The student record provision requires DOE to release records to the student, parent or guardian upon request, and without limitation. Conversely, the confidentiality provision[1] requires DOE to keep all test instruments confidential, and the test security provision[2] imposes criminal sanctions on anyone who releases confidential test instruments to examinees prior to testing.
The trial court attempted to harmonize these provisions by limiting the access provided by the student record provision, and permitting what it labeled "meaningful access." The "meaningful access" granted by the trial court permitted supervised review of the FCAT test instrument, limited the time the test instrument would be available, and prohibited the test instrument from being copied. However, the student record provision does not authorize any limitation on access to student records. See § 228.093(3)(a)3., Fla. Stat. (2001). The "meaningful access" authorized by the trial court prevents the student *397 record, confidentiality and test security provisions from being given full effect when read in pari materia, and contravenes the legislature's intent to provide liberal access to student records.
Moreover, if the trial court found the statutory language ambiguous, it was required to give deference to DOE's interpretation of the statute, because DOE is the agency charged with enforcing the School Code. DOE interpreted the student record provision to include only test scores as student records, and to exclude test instruments. DOE's interpretation gives meaning to the term "scores," and permits the student record, confidentiality and the test security provisions to be given full effect when read in pari materia. Because DOE's interpretation is within the range of possible and reasonable interpretations, the trial court erred by rejecting that interpretation.
Courts are not free to choose an interpretation they conclude is the best public policy, but must defer to the other branches of government to make those choices. See Sebring Airport Auth. v. McIntyre, 783 So.2d 238, 244 (Fla.2001); Shands Teaching Hosp. v. Smith, 480 So.2d 1366, 1382 (Fla. 1st DCA 1985).
The final judgment of the trial court is REVERSED.
WOLF, CJ., and BROWNING, J., CONCUR.
NOTES
[1] Section 232.248, Florida Statutes (2001).
[2] Section 228.301, Florida Statutes (2001).