919 So.2d 662 (2006)
Daniel SCHERER, Appellant,
v.
DEPARTMENT OF BUSINESS AND PROFESSIONAL, etc., Appellee.
No. 5D05-1078.
District Court of Appeal of Florida, Fifth District.
January 27, 2006.
*663 Dennis F. Fountain, Winter Springs, for Appellant.
Charles J. Crist, Jr., Attorney General, and Diane L. Guillemette, Assistant Attorney General, Tallahassee, for Appellee.
GRIFFIN, J.
Daniel Scherer ["Scherer"] appeals an order of the Construction Industry Licensing Board ["the Board"] denying his application for a general contractor's license. We reverse.
On March 15, 2004, Scherer submitted an application to the Department of Business and Professional Regulation [the "Department"] for licensing as a certified general contractor. In the application, Scherer admitted he had been convicted of the crimes of possession and conspiracy to possess marijuana with the intent to distribute, for which he had been sentenced to sixty months in the Department of Corrections and for which he was currently on supervised release.
The Department's April 7, 2004, response informed Scherer that his application was incomplete because of his failure to complete certain financial responsibility questions and to provide proof of the reinstatement of his civil rights. Scherer, through counsel, replied that these requirements did not apply. The Department then wrote Scherer, stating that the application had been revised, requiring Scherer to submit proof of the reinstatement of his civil rights as part of his application if he had previously been convicted of a felony. Scherer was unable to comply with the Department's directive, as his civil rights had not been restored.
At a meeting held in September 2004, the Board voted to deny Scherer's application, stating as grounds:
You failed to submit proof of having your civil rights restored subsequent to a previous felony conviction in accordance with section 112.011(1)(b), Florida Statutes.
Upon receipt of the Notice of Intent to Deny, Scherer asked for an informal hearing before the Board, at which he asserted that he could not be denied a license solely on the basis that he had been convicted of a crime. Nevertheless, the Board issued a final order denying Scherer's application because:
Applicant has failed to submit proof of having his civil rights restored subsequent to a previous felony conviction in accordance with Section [sic] 112.011(1)(b), F.S.
We begin by observing that Florida's construction licensing statutes do not prohibit the licensure of applicants who have previously been convicted of a felony. They make an applicant eligible if the person is of "good moral character." § 489.111(2)(b), Fla. Stat. (2003). Moreover, the Board may refuse to certify an *664 applicant for failure to satisfy the requirement of good moral character only if:
1. There is a substantial connection between the lack of good moral character of the applicant and the professional responsibilities of a certified contractor; and
2. The finding by the board of lack of good moral character is supported by clear and convincing evidence.
§ 489.111(3), Fla. Stat. (2003). A felony conviction will not satisfy this test without more. Some persons convicted of a crime may in fact lack the "good moral character" necessary to licensure as a contractor, but not necessarily. Nor would restoration of a felon's civil rights necessarily re-infuse good moral character. The statute, moreover, requires a connection between the felony conviction and the professional responsibility of a contractor.
The "good moral character" provisions of section 489.111 are different from various other Florida statutes that specifically allow the denial of a license to those convicted of a felony. For example, Florida statutes specifically allow the denial of a license as a motor vehicle dealer if an applicant has been convicted of a felony. See § 320.27(9)(a)(2), Fla. Stat. (2005). They also require the denial of a license as a private investigator if the applicant has been convicted of a felony until the applicant's civil rights have been restored and a period of ten years have expired since final release from supervision. See 493.6118(4)(a), Fla. Stat. (2005).
In denying Scherer a license, the Board relied on section 112.011(1)(b), Florida Statutes (2003):
(b) Except as provided in s. 775.16, a person whose civil rights have been restored shall not be disqualified to practice, pursue, or engage in any occupation, trade, vocation, profession, or business for which a license, permit, or certificate is required to be issued by the state, any of its agencies or political subdivisions, or any municipality solely because of a prior conviction for a crime. However, a person whose civil rights have been restored may be denied a license, permit, or certification to pursue, practice, or engage in an occupation, trade, vocation, profession, or business by reason of the prior conviction for a crime if the crime was a felony or first degree misdemeanor and directly related to the specific occupation, trade, vocation, profession, or business for which the license, permit, or certificate is sought.
The Board's interpretation of this statute to require, or even to authorize, the statute's denial of a license to a convicted felon who has not had his civil rights restored turns its plain meaning on its head. The provision simply says that a person whose civil rights have been restored cannot be denied a license based on a prior criminal conviction unless the conviction was a felony or first-degree misdemeanor and was directly related to the business or profession for which the license was sought. This statute does not deny licensure to a felon whose civil rights have not been restored. It explains the limitations on an agency's right to deny licensure to someone whose rights have been restored.
Notwithstanding the plain meaning of the statute, the Department suggests we should look to the legislative history of this statute from its first enactment in 1971. In the preamble, the legislature referred to the removal of "disqualification of felons whose civil rights have been restored for trade, occupational or professional license...." Apparently, the Department divines from this language that if the statute purports to remove a disqualification, a disqualification must exist. Indeed, as explained, there are statutes that do disqualify felons or petty criminals from licensure and such statutes are controlled *665 by section 112.011(1)(b), but construction licensing is not one of them. This statute does not create a disqualification, it simply removes or limits such disqualifications as may exist. It does not authorize any state actor to deny any license, permit or certificate based on any prior criminal conviction. There is no general licensure disqualification for convicted criminals and, as mentioned above, no such specific disqualification for a contracting license.
The Board complains that this Court is required to give deference to its interpretation of a statute, but this rule does not apply where the Board is interpreting general Florida law, not one of its own statutes. See generally Miles v. Florida A & M Univ., 813 So.2d 242 (Fla. 1st DCA 2002); Proenza Sanfiel v. Department of Health, 749 So.2d 525 (Fla. 5th DCA 1999). Furthermore, deference is not required when the Board's interpretation of a statute is clearly wrong. See Legal Envtl. Assistance Found. v. Board of County Comm'rs, 642 So.2d 1081, 1083-84 (Fla.1994); Las Olas Tower Co. v. City of Ft. Lauderdale, 742 So.2d 308 (Fla. 4th DCA 1999).
The construction industry licensing statutes do not disqualify those convicted of a felony from obtaining a license. Thus, requiring applicants convicted of a crime to submit proof that their civil rights have been restored is beyond the Board's authority. We reverse the order denying Scherer a contractor's license on the basis of section 112.011(1)(b), Florida Statutes (2003), and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
THOMPSON and MONACO, JJ., concur.