999 So.2d 691 (2008)
Bruce GRAY, Appellant,
v.
PUBLIX SUPERMARKETS, INC., Publix Risk Management, and The Hartford, Appellees.
No. 1D07-2547.
District Court of Appeal of Florida, First District.
December 12, 2008.
Rehearing Denied January 26, 2009.
Laurie T. Miles of Smith, Feddeler, Smith & Miles, P.A., Lakeland, Susan W. Fox of Fox & Loquasto, P.A., Tampa, and Wendy S. Loquasto of Fox & Loquasto, P.A., Tallahassee, for Appellant.
Kevin E. Leisure and Curt L. Harbsmeier of Harbsmeier DeZayas, LLP, Lakeland, for Appellees.
WEBSTER, J.
In this workers' compensation appeal and cross-appeal, claimant challenges an order of the judge of compensation claims on four grounds, and the employer and carrier cross-appeal on one. We affirm as to all issues. We write on one issue because it involves construction of section 440.15(3)(g), Florida Statutes (2003), a statute which has not previously been addressed by this court.
Section 440.15(3)(g), provides, in relevant part, that:
an employee's entitlement to impairment income benefits begins the day after the employee reaches maximum medical improvement or the expiration of temporary benefits, whichever occurs earlier, and continues for the following periods:
1. Two weeks of benefits are to be paid to the employee for each percentage point of impairment from 1 percent up to and including 10 percent.
2. For each percentage point of impairment from 11 percent up to and including 15 percent, 3 weeks of benefits are to be paid.
3. For each percentage point of impairment from 16 percent up to and including 20 percent, 4 weeks of benefits are to be paid.
4. For each percentage point of impairment from 21 percent and higher, 6 weeks of benefits are to be paid.
After determining that the medical evidence supported a finding that claimant was entitled to permanent impairment *692 benefits based on a 30-percent impairment rating, the judge addressed the issue of how those benefits should be paid. In so doing, he concluded that, pursuant to section 440.15(3)(g), a 30-percent impairment is payable as follows: two weeks of benefits for each percentage point up to 10 percent; three weeks of benefits for each percentage point from 11 to 15; four weeks of benefits for each percentage point from 16 to 20; and six weeks of benefits for each percentage point from 21 to 30. Based on that construction of the statute, the judge concluded that claimant was entitled to 115 weeks of impairment benefits. Claimant argues that, because his impairment rating exceeded 20 percent, use of this graduated payment scale was improper, and that he was entitled to six weeks of impairment benefits for each of the 30 points of his impairment rating, or 180 weeks total.
In construing a statute, we begin by looking at its language. If the language is clear and unambiguous, we must stop, giving effect to the statute as written. See Fla. Dep't of Educ. v. Cooper, 858 So.2d 394, 395 (Fla. 1st DCA 2003) (citations omitted). Applying this principle, we conclude that claimant's interpretation is incorrect. The statute appears relatively plainly to envision a graduated scale of impairment benefits based on four discrete ranges of impairment ratings. The use of the word "from" denotes the starting percentage point, and the use of the phrase "up to and including," denotes the ending point of each range. Each of these discrete ranges includes a corresponding number of weeks of benefits payable for each percentage point within that range. Nothing in the fourth range is different from the first three, except that it does not include an ending point (which, presumably, would be 100 percent). Accordingly, we conclude that the judge correctly interpreted and applied section 440.15(3)(g).
The order entered by the judge of compensation claims is affirmed.
AFFIRMED.
KAHN and VAN NORTWICK, JJ., concur.