PER CURIAM.
In this workers’ compensation appeal, the Employer seeks review of an order of the Judge of Compensation Claims (JCC) to the extent it awards Claimant an upward adjustment in the compensation rate, and penalties, interest, costs, and attorney’s fees associated with that adjustment. For the reasons stated herein, we find error and reverse this award.
On February 26, 2008, Claimant suffered multiple injuries in a compensable motor vehicle accident. On August 22, 2011, the Employer administratively accepted her as permanently and totally disabled. Claimant sought permanent total disability (PTD) benefits from December 17, 2010, to April 25, 2011, and adjustment of her average weekly wage (AWW) based on her wages together with includable fringe benefits under section 440.02(28), Florida Statutes. Subsequent litigation resulted in a final order which, in part, denied the requested PTD benefits. We do not disturb that ruling on appeal.
The final order also included the JCC’s findings regarding the appropriate AWW amounts both before and after Claimant’s resignation, which affected the inclusion (vel non) of fringe benefits in AWW. The JCC agreed with the Employer’s calculations of AWW amounts, but disagreed with the Employer’s calculations of the appropriate compensation rates.
Section 440.15(l)(a), Florida Statutes (2007), states that the compensation rate for PTD benefits is “66 2/3 percent of the average weekly wages.” The JCC calculated the appropriate compensation rate by multiplying the AWW by .6667. The Employer had calculated the compensation rate by multiplying the AWW by .66667. *1244 The different multipliers led to different results — the focus of the dispute here. Yet both results are greater than the result dictated by strict application of the statute, which states the compensation rate is not .6667 or .66667 of the AWW, but “66 2/3 percent.” See generally Fla. Dep’t of Educ. v. Cooper, 858 So.2d 394, 396 (Fla. 1st DCA 2003) (“First, the court must look to the plain language of the statute. Where the language is clear and unambiguous, it must be given its plain and ordinary meaning.”). An illustration of the proper calculation method follows.
Begin with the appropriate AWW for the period before Claimant’s resignation: $794.21. Using the most strict reading of the statute: sixty-six percent of 794.21 is 524.1786. One percent of 794.21 is 7.9421. Two-thirds of one percent of 794.21 — that is, two-thirds of 7.9421 — is 5.2947. The fraction is determined by multiplying by two and then dividing the result by three. Adding 524.1786 and 5.2947 together produces a result of 529.4733. Rounding to cents gives us the appropriate compensation rate, $529.47.
Notably, the mathematical equivalent of the statutory definition of the compensation rate is still a fractional amount: two-thirds of the AWW. In this example, one would multiply 794.21 by two to get 1,588.42, and then divide 1,588.42 by three to get 529.47; rounded to cents, this again is $529.47. Using the Employer’s multiplier — a decimal number — gives a different, less accurate, result: 794.21 times .66667 is 529.4759807, which, rounded to cents, is $529.48. And using the JCC’s multiplier gives yet a third result: 794.21 times .6667 is 529.499807, which, rounded to cents, is $529.50. These differences of two or three cents become significant when repeated over multiple payments, and are even more significant when they form the basis of awards of penalties, interest, costs, and attorney’s fees.
Because the Employer did not pay less than the compensation rate required by statute, the JCC erred in ordering the Employer to pay more. The JCC consequently erred in awarding associated penalties, interest, costs, and fees.
AFFIRMED in part and REVERSED in part.
RAY and SWANSON, JJ., concur; WOLF, J. concurring in part and dissenting in part.