# Third District Court of Appeal

## State of Florida

Opinion filed January 15, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0410
Lower Tribunal No. F21-1478
_____

**William Alexander McCauley,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Jeffrey E. Feiler, P.A., and Debra Kay Cohen, for appellant.

Ashley Moody, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.

Before EMAS, GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed. See § 775.051, Fla. Stat. (2021) ("Voluntary intoxication resulting from the consumption, injection, or other use of alcohol or other controlled substance as described in chapter 893 is not a defense to any offense proscribed by law. Evidence of a defendant's voluntary intoxication is not admissible to show that the defendant lacked the specific intent to commit an offense and is not admissible to show that the defendant was insane at the time of the offense, except when the consumption, injection, or use of a controlled substance under chapter 893 was pursuant to a lawful prescription issued to the defendant by a practitioner as defined in s. 893.02.") See also Fl. Std. J. Inst. (Crim.) 3.6(e)(1) and 3.6(e)(2) (providing that the defense of involuntary intoxication requires a showing that the substance was lawfully prescribed by a practitioner and that defendant used the prescription "as it was prescribed and directed by the practitioner."); Cobb v. State, 884 So. 2d 437, 438-39 (Fla 1st DCA 2004) ("The Legislature expressly limited the use of an intoxication defense to those circumstance where the defendant's lack of specific intent or insanity is attributable to the use of a prescription medicine 'pursuant to a lawful prescription.' In this instance, the statutory language is 'clear and unambiguous,' and must therefore 'be given its plain and ordinary meaning.'") (quoting Dep't of Educ. v. Cooper, 858 So. 2d 394, 396 (Fla. 1st DCA 2003)); id. at 439 (providing

2

that to be entitled to the defense, the medication must be "taken as prescribed") (quoting <u>Brancaccio v. State</u>, 698 So. 2d 597 (Fla. 4th DCA 1997)).