QUINCE, J.,
concurring in part and dissenting in part.
I agree with Chief Justice Canady that we should not authorize for publication or use new standard instruction 403.10 (Negligence Failure to Warn). However, I also conclude that standard instruction 403.18 as modified should be authorized for publication and use.

APPENDIX

PL
PRODUCT LIABILITY
Issues
PL4 — Express-warranty
PL 2 — Implied warranty of merchanta-
bility
PL 3 — Implied warranty of fitness for
particular purpose
PL 4 — Strict—liability - (manufacturing
defect)
PL-5 — Strict liability (design-defect) Burden of-pr-oof (greater — weight of the
Defense issues
403 PRODUCTS LIABILITY
403.1 Introduction
403.2 Summary of Claims
403.3 Greater Weight of the Evidence
403.4 Express Warranty
APPENDIX — Continued
403.5 Implied Warranty of Merchantability
403.6 Implied Warranty of Fitness for
Particular Purpose
403.7 Strict Liability
403.8 Strict Liability Failure to Warn
403.9 Negligence
403.10 Negligent Failure to Warn
403.11 Inference of Product Defect or Negligence (reserved)
403.12 Legal Cause
403.13 Preliminary Issue (reserved)
403.14 Burden of Proof on Preliminary Issue
403.15 Issues on Main Claim
403.16 Issues on Crashworthiness and “Enhanced Injury” Claims
403.17 Burden of Proof on Main Claim
403.18 Defense Issues
403.19 Burden of Proof on Defense Issues
PL
PRODUCT LIABILITY
NOTE ON USE
The instructions in this Part-PL-PRQD-UCT LIABILITY do not contain-instructions on Negligence. — When-alter-uative issues of negligence are to be submitted-use Charge- ⅛-5-oh — Negligence- Issues, as in Model-Charge No. 8.
The issues-for your determination on the claim of (claimant)-against (defon-dant)-are whether the (describe product) [sold] [supplied] by- (defendant) was-defective when it left the possession of (defendantj-andy if so,-whether such- defect-w-as-a legal cause of [loss] [injury] [or] [damage] sustained-by (claimant or person-for whose injury claim is made). A product is defective
*791 APPENDIX — Continued
403.1 INTRODUCTION
Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. [You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are (slightly) different from what I gave you at the beginning and it is these rules of law that you must now follow.] When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
NOTES ON USE FOR 403.1
1. When instructing the jury before taking evidence, use instruction 202,1 in lieu of instruction 403.1. See Model Charge 1. Instruction 403.1 is for instructing the jury after the evidence has been concluded. Use the bracketed language in instruction 403.1 when the final instructions are different from the instructions given at the beginning of the case. If the instructions at the end of the case are different from those given at the beginning of the case, the committee recommends that the court point out the differences, with appropriate language in the final instructions, including an explanation for the difference, such as when the court has directed a verdict on an issue.
2. Fla.R.Civ.P. 1.470(b) authorizes instructing the jury during trial or before or after final argument. The timing of instructions is within the sound discretion of the trial judge, to be determined on a case-by-case basis, but the committee strongly recommends instructing the .jury before final argument.
3.Each juror must be provided with a full set of jury instructions for use during their deliberations. Rule 1.470(b). The trial judge may find it useful to provide these instructions to the jurors when the judge reads the instructions in open court so that jurors can read along with the judge as the judge reads the instructions aloud.
403.2 SUMMARY OF CLAIMS
The claims [defenses] in this case are as follows. (Claimant) claims that the (describe product) [designed] [manufactured] [distributed] [imported] [sold] [or] [supplied] by (defendant) was defective and that the defect in the (describe product) caused [him][her] harm.
[ (Claimant) [also] claims that [he] [she] sustained greater or additional injuries than what [he][she] would have sustained in the (describe accident) if the (describe product) had not been defective.]
[ (Claimant) [also] claims that (defendant) was negligent in (describe alleged negligence), which caused [him][her] to be injured by (the product).]
(Defendant) denies [that] [those] claim(s) [and also claims that (claimant) was [himself] [herself] negligent in (describe the alleged comparative negligence), which caused [his][her] harm]. [Additionally (describe any other affirmative defenses).]
[The parties] [ (claimant) ] must prove [his][her] [their] claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
NOTE ON USE FOR 403.2
Use the second paragraph for crashwor-thiness claims. See instruction 403.16. Use the first bracketed phrase in the *792 fourth paragraph when there is a claim of comparative negligence. Use the second bracketed sentence where there are additional affirmative defenses.
403.3GREATER WEIGHT OF THE EVIDENCE
“Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
NOTES ON USE FOR 403.3
1. Greater or lesser number of witnesses. The committee recommends that no instruction be given regarding the relationship (or lack of relationship) between the greater weight of the evidence and the greater or lesser number of witnesses.
2. Circumstantial evidence. The committee recommends that no instruction generally be given distinguishing circumstantial from direct evidence. See Nielsen v. City of Sarasota, 117 So.2d 731 (Fla. 1960).

PLl express warranty-

403.4 EXPRESS WARRANTY
A product is defective if it does not conform to representations of fact made by (defendant), orally or in writing, in connection with the [sale] [transaction], on which (name) relied in the [purchase and] use of the product. [Sueh-a The representation must be one of fact, rather than opinion.]

PL-@-w%plied-vmmnty- of merchantability

403.5 IMPLIED WARRANTY OF MERCHANTABILITY
A product is defective if it is not reasonably fit for either the uses intended or the uses reasonably foreseeable by (defendant).

PL -3-wvpUed-warranty -of-fitmss for particular-pm^pose

403.6IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE
A product is defective if it is not reasonably fit for the specific purpose for which (defendant) knowingly sold the product and for which, the purchaser bought the product in reliance on the judgment of (defendant), the purchaser bought the product.

PL - k - -strict liability (manufacUinng ■ de-feet)-

if by reason of a-manufacturing defect it is in a condition unreasonably-dan-gerousto [the user]-[a person-in-the vicinity-of the-product]* and the product is expected to and-does reach-the user without substantial change — affecting-that condition?
A-pr-oduct-is-nnreasonably dangerous-because-of a manufacturing-defect if it does not - conform to-its-intended-design and -fails to perform as safely — as the-intended design would have-performed,

PL 5 strict liability (design defect)-

if by-r-eason- of-its-design the product is in a condition unreasonably dangerous to [the user]-[a-person-in — the vicinity-of the -product]* and-the-product is-expected-to-and- does reach the user without substantial change — affecting-that condition,
A product is - unreasonably dangerous-because-of-its design if [the product fails to perform -as safely -as-an ordinary consumer would expect-when used as-intended-or-in a manner reasonably foreseeable by the manufac *793 turer] [or] [the-risk of danger in the design outweighs the benefits].
If the greater weight of the evidence does-not support-the claim-nf-Cclaimant^ your verdict should be for-(defendant-)?
[However, if the greater weight of the evidence — does—support—the—claim—of (claimant), then your verdict should be for ■■ (claimant) and against ■ (defendant) ]■■ -?* [However, if fhe-greater weight of the evidenee — does—support—the—claim—of (claimant), then you shall consider the defense raised -by (defendant). — On—the defense, the issues for your determination-are-(stato defense issues) ].
“Greater — weight—of the — evidence” meaas-the-more-persuasive-and-convine-ing force and effect of the entire evidence in the case.
NOTES ON USE
If it is determined-that a — Negligence instruction is appropriate in-addition to a Product Liability (PL) instruction, use charge 3-,5-on- -Negligence -issues as in ■Model-Charge No.-8.-
In-cases involving claims of both negligence'and defective design, submission of both- claims-may-result ■ in an-inconsistent verdict, — See,——Consol—Ahiminum Corp. — n--Bmun,-4.XI~~ So,2d 391--(Fla. 4th DCA 1984)~Ashky-Div.-of Gonsol. — Alu~ minum Gorp. v.- Dobkin, 458 So.2d 335 (FIa.-3d DCA 1984), See also Moorman v.American Safety-Equip., 594 So.2d 795 (Fla — 4th DCA -1-992); — North American Catamaran Racing Ass’n v. — MeCollisterr 480 So.2d 669 (Fla. 5th DCA 1985).
* When the injured person is a bystander, use the-langaage-in- the second pair of brackets, — See West -v. Caterpillar Tractor Co., Inc., 336 So.2d-8Q-(-Fia.l976),-and- San-ches v. Hussey Seating Co., 698 So.2d 1326 (Fla — 1st DCA 1997)..
**.When-defense issues are to be submitted, use-the charge ■ contained within this second pair of-brackets. — In other cases, use the first bracketed sentence instead.
COMM-ENT
t — Privity.—These-eharges on product liability issues presuppose that any question of pr-ivity has been resolved-in-fevor of the-claim, — Eor-the effect ■ of strict-liability doctrine-en-claims of-warranty previously requiring-privity, see ■§ 672.318, Fla. Stat. (Í98-7-), — and Kramer v. — Piper -Aircraft Corp., 520 So£d-37,-39-&. n.4 (F-la,1988). Should it-be necessary to submit-to-the jury a factual issue on privity, the committee recommends that -it -be submitted in the style of a preliminary charge-on status or duty as in-SJI 3.2.
& — Striet-liability (-Bestatement-of Torts @d § 402A). — Charge PE-4, derived-from ■§ -402A as-adopted in West-v.-Caterpillar Tractor Co., Inc., 336-§o,2d- 80 (Fla,1976), is appropriate for- a-str4ct-liability-claim against the manufacturer-based on--an alleged manufacturing flaw in- the -product. In-response to Ford Motor-Co. v. Mill,-■ 404 §o,2d ■ 104⅝ — 1052 n.4-(-F-la.1981), directing the committee to improve its product liability charge,- -the ■ committee recommends PL 5 for design defect casesr-stating-stan-dards for determining when a- product-is “unreasonably dangerous” because of de-
PL 5 defines — unreasonably dangerous” both in terms of consumer expectations, see comment -i to § 4Q2A of the -Restatement, and-in terms -weighing the ■ design risk against-its-utility. These coneepts-are discussed-in ■ Radiation-Tech. Inc. -n-Ware Gonstr. Co.-,-445 So.2d-329,- 331 (F-laA-983);-Cassisi v. — Maytag Go.-- 396 So.2d — 1140, 1143-45 -(-Fla. 1st DCA — 1981); Adams-v. G.D. Searle-& Co., 576 So.2d 728, 733 (Fla. 2d DCA — 1891).—Absent—more definitive *794 authority in Florida, the-committee recommends neither test to-the exclusion-of-the other -and expresses no — opinion—about whether-the two charges -should be-given alternatively or together. — PL 5 provides language- suitable for either standard;-or both, determined by-the trial court to - be appropriate.
The committee notes,-however, that -the two issue rule-may be-implicated if both tests ■ of-dosign defect-are used. — Zimmer Inc. v. Birnbaum, 758 So.2d 714 (Fla. 4th DCA 2000).
The committee-is of the view-thaV in Florida,-the ultimate burden of persuasion in cases- submitted to — the jury remains with-the-plaintiff. — West, 336 So.2d at-87; biit see -Barker-v-Lull -Engineering-Go— 20 Cal.3d 413, 143 -Cab-Spte- 225, 573-P-.2d 443, 455-56 (1978), quoted-in Cassisi, 396 So.2d -at-1145, — PL 5 therefore-aüoeates that-burden to the plaintiff. — The charge is not intended to control-issues of the-burden of proof or sufficiency- of the-evidence for directed verdict-purposes
Pending further development -of-Florida law, the-committee reserved the- question of whether there can-be-strict liability-for failu-re-to warn-and,- if- so, what-duty is imposed on the manufacturer or seller
& — Obvious defects, opportunity-to-in-spee^-disclaimers, — These concepts are not covered-by the standard- charges. -SeoAu-bum Machine Works-Go.,.Inc. v. Jones, 366 So.2d 1167 (Fla.1979).
4 — U-niform Commercial Code--There .are many open questions-concerning — the meaning -and-application- in Flor-ida-personal-i-nj-ur-y-litigation of-certain U.C.C. provisions. — Gompare-Sokmssler v.- Coca-Gola. Bottling Com/pemy of Miamir -279-§o.2d 901 (Fla.- 4th-DCA 1973), with Ford-Motor Co..v?~P-ittman, 227 So.2d 246-(-Fla — 1st DCA -1-969), cert, denied, 237-So,2d-477 (Fla-.-l-97-Q)- Accordingly,-the committee has not undertaken to-express U.C.C. -concepts, as such, in these-jury charges. — A U.C.C. provision which is held to be applicable-may be read or appropriately-paraphrased for the jury- — In order to avoid undue emphasis, the -committee recommends-that the-provision road or paraphrased not be identified-as a statute;
5, — Comparative negligence. — Comparative negligence is a defense to strict liability claims-if based on grounds other than the failure of the user to discover the defect or to guard against the possibility of its existence. — West v. Caterpillar, supra n.2-.-Model charge-7 illustrates the defense of comparative — negligence in a negligence/espress warranty action against- a retailer-and model charge 8 illustrates-the same defense in a negligence/strict liability action against a manufacturer and retailer.
& — The committee takes no position regarding — whether- the injured bystander must-be-foreseeable, — See West- v. Caterpillar Tractor Co., Inc., 336 So.2d 80 (Fla. 4976b
7, — Pending—further—development—of Florida- law, the Committee takes-no-position on-the sufficiency of these instructions in cases in which the-Cassisi inference applies, — g ee-Gassisi -v.-M ay tag Co.-, — 396 So.2d 1140 (Fla. 1st DCA 1981); Gencorp, Inc, ■v.-Wolfe, 481-So.2d 109 (Fla. 1st DCA 1985), — sec also Parke v. Scotty’s, Inc.¡- 584 So.2d 62-1- (Fla. lst-DGA 1991); Miller-v. Allstate Ins. Co., 650 So.2d 671 (Fla,-3d DCA-1-995).
403.7 STRICT LIABILITY
(Reserved)
a, — Manufacturing defeet
A product is defective-if it is unreasonably-dangerous when it leaves the possession of the [manufacturer] [seller] [distributor] [supplier] [importer] [defendant] and *795 the product reac-hes-the user or-eonsumer without-substantial change affecting that condition.-
fe — Design defect
Ar-product is unreasonably dangerous to [the user] [a person in the vicinity of the product]-if [the product-fails to perform as safely as an ordinary consumer would expect-when used-as-intended or-when used in-a-manner reasonably foreseeable by the [manufacturer] [seller]-[distributor-]- [supplier] [importer]],
NOTES ON USE FOR 403.7
Í-. — A-claimant-is-not required-to- plead or-prove whether-the defect in the. product came — from its —manufacture or — design. Ford-Motor Co-.~v. Hill, 404 So.2d 1049 (Fla.1981); McConnell v. Union Carbide Gorp., 937 So.2d 148 (Fla. 4th DCA 2006). In cases involving a claim of a manufacturing-defect in the-product, to clarify the issue-for the jury)- this instruction can be modified by adding the following language in- the second paragraph after “if [the product”; ‘Vas -not-built according to its intended -design — [or-]—because -the- product---.-=-. ”] — The -risk/benefit test - does not apply in cases involving claims of-manufacturing defect. — See-Gassisi v. Maytag ■ Co 39g-So.-2d-lM0, -l-M6-(Fla. 1st DGA 1981).
⅝ — Foreseeability of injured bystander. Strict liability applies to all foreseeable bystanders. When the injured person is a bystander-,- use the-Ianguage “a-person- in the vicinity of the-product” instead of “the user-2? — Strict liability does not -depend on whether the defendant foresaw -the particular — bystander’s—presence. See — West v. Gate-rpillav-Tractor-Go. Inc., 336-So;2d 80, 89-(Fla.l976) (“Injury to a bystander is often feasible. — A^-restriction of — the-doc-tri-ne-to the users- and consumers- would have-to-rest on-the-vestige of-the-disappearing privity requirement.”). — See ■ also Sanchez-v. Hussey-Seating Go., £98-So.2d 1326 (Fla. 1st DGA 1997). — When there is an-issue regarding whether tho presence of--bystanders was-foreseeable, additional instructions may be-needed.
⅝ — This instruction retains the-consumer — expectations test and the ri-sfefoenefit test -for product defect--both of which previously-appeared--in PL 5. Florida recognizes the consumer expectations -test. — See MeGonnell v. Union Carbide Gorp.-,--937 So.2d 148, 151 m4-(-Fla. 4th DCA 2006); Force v. Ford Motor-Go., 879 So=2d 103, 107 (Fla. 5th DCA^QOd); Adams-v. G.D. Seavle-& Co., 576 -So.2d -728⅜ 733-(-Fla;-2d DCA 1991); — Cassisi-v.—Maytag-Go., 396 So^d-4-140, 1145-46.(Fla. 1st DCA 1981). Pending- further -development in the law, the-committee takes no position on-whether-the- risk/benefit test is a ■ standard-for product defect that should be included in instruction 403.7 or an affirmativ-e-defense under instruction 403.18. — The rish/benefít instruction is provided-in both this--instruction and the defense-instruction, 403.18, to illustrate how it is used in- either — ease. See-Instruction 403.18(b) and the corresponding Note on Use. If a cour-t-deter-mi-nes -that the risk/benefit test is a test for product defect, the committee takes no position on- whether — both the consumer expectations and risk/benefit - tests-eshould be-given alternatively-or together-
4 — In-GGoree- v. Ford Motor Co., 879 So-2d-103, 107 (F-la. - 5th DCA 2004), the parties agreed to a risk/benefit instruction based-on section -2(-b)-of-the Bes-t-at-ement (Third) of Torts, Products Liability. Flor-idev-has -not adopted-this- provision-of-RE ■ statement (Third)-of Torts, Produets Liability. — Liggett Gmwp-I-nc. v. Davis, 973 So.2d 467 (Fla. 4th DCA 2008); certifying question, 973 So.2d 684 (Fla. 4th DCA 2008); discharging- jurisdiction)-So.2d -, 33 FLW S963 (Fla.2008). See also Force--at 107. — While-the committee-has- *796 cited Force-in-other contexts, it does not approve the risk/benefit instruetion that-is set forth in-Foree,-
⅛ — WheB-str-ict liability-and-negligence claims are-tried together, to clarify differences-between- them it may-be- necessary to add language to the str-ict4iability-ia-structions to the effect that-a-product-is defective- if unreasonably dangerous even though the seller has exerc-ised all possible care in.the preparation-and sale of the product, — Restatement (Second) — Torts,- § 402A(2)(a),
& — See instruction 403.13 when a distributor, importer, or intermediate seller never had--physical possession-of the-product but nevertheless played-a-role in-placing the product into the chaln-of distribu-
403.8 STRICT LIABILITY FAILURE TO WARN
A product is defective when the foreseeable risks of harm from the product could have been reduced or avoided by providing reasonable instructions or warnings, and the failure to provide those instructions or warnings makes the product unreasonably dangerous.
NOTES ON USE FOR 403.8
1. The following cases recognize strict liability for a failure to warn of defects. McConnell v. Union Carbide Coi"y., 937 So.2d 148, 151-52 (Fla. 4th DCA 2006); Union Carbide Corp. v. Kavanaugh, 879 So.2d 42, 45 (Fla. 4th DCA 2004); Sche-man-Gonzalez v. Saber Manufacturing Co., 816 So.2d 1133 (Fla. 4th DCA 2002); Ferayomi v. Hyundai Motor Co., 711 So.2d 1167 (Fla. 4th DCA 1998).
2. When strict liability and negligent failure to warn claims are tried together, to clarify differences between them it may be necessary to add language to the strict liability instruction to the effect that a product is defective if unreasonably dangerous even though the seller has exercised all possible care in the preparation and sale of the product. Restatement (Second) Torts, § 402A(2)(a).
403.9 NEGLIGENCE
Negligence is the failure to use reasonable care, which is the care that a reasonably careful [designer] [manufacturer] [seller] [importer] [distributor] [supplier] would use under like circumstances. Negligence is doing something that a reasonably careful [designer] [manufacturer] [seller] [importer] [distributor] [supplier] would not do under like circumstances or failing to do something that a reasonably careful [designer] [manufacturer] [seller] [importer] [distributor] [supplier] would do under like circumstances.
NOTES ON USE FOR 403.9
1, An unreasonably dangerous condition in a product can result in a variety of ways, for example, from latent characteristics in the product, which create an unexpected danger, from failure to meet industry standards in the design or manufacture of the product, or from an unsafe design choice for the product. See, e.g., Royal v. Black & Decker Mfy. Co., 205 So.2d 307 (Fla. 3d DCA 1967), A product can also be unreasonably dangerous because it was adulterated, such as with foreign materials in foodstuffs or pharmaceuticals. See, e.g., Food Fair Stores of Florida, Inc, v. Ma-curda, 93 So.2d 860 (Fla.1957); E.R. Squibb & Sons Inc, v. Stickney, 274 So.2d 898 (Fla. 1st DCA 1973).
2. If a product fails under circumstances precluding any other reason-able inference other than a defect in the product, a plaintiff is not required to pinpoint *797 any specific defect in the product. See, e.c/., Armor Elevator Co. v. Wood, 312 So.2d 514 (Fla. 3d DCA 1975); Ford Motor Co. v. Cochran, 205 So.2d 551 (Fla. 2d DCA 1967).
3. In order to clarify the differences between strict liability and negligence when the two claims are tried together, it may be necessary to add language to the strict liability instructions to the effect that a product is defective if unreasonably dangerous even though the seller has exercised all possible care in the preparation and sale of the product. Restatement (Second) Torts, § 402A(2)(a).
403.10NEGLIGENT FAILURE TO WARN
[Negligence is the failure to use reasonable care, which is the care that a reasonably careful [designer] [manufacturer] [seller] [importer] [distributor] [supplier] would use under like circumstances.] Reasonable care on the part of (defendant) requires that (defendant) give appropriate warning(s) about particular risks of (the product) which (defendant) knew or should have known are involved in the reasonably foreseeable use(s) of the product.
NOTE ON USE FOR 403.10
The cases recognize a claim for negligent failure to warn. Ferayomi v. Hyundai 711 So.2d 1167 (Fla. 4th DCA 1998). When strict liability and negligent failure to warn claims are tried together, to clarify differences between them it máy be necessary to add language to the strict liability instruction to the effect that a product is defective if unreasonably dangerous even though the seller has exercised all possible care in the preparation and sale of the product. Restatement (Second) Torts, § 402A(2)(a).
403.11INFERENCE OF PRODUCT DEFECT OR NEGLIGENCE
(Reserved)
403.12LEGAL CAUSE

a. Legal cause generally:

[A defect in a product] [Negligence] is a legal cause of [loss] [injury] [or] [damage] if it directly and in natural and continuous sequence produces or contributes substantially to producing such [loss] [injury] [or] [damage], so that it can reasonably be said that, but for the [defect] [negligence], the [loss] [injury] [or] [damage] would not have occurred.

b. Concurring cause:

In order to be regarded as a legal cause of [loss] [injury] [or] [damage], [a defect in a product] [negligence] need not be the only cause. [A defect in a product] [Negligence] may be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] if the [defect] [negligence] contributes substantially to producing such [loss] [injury] [or] [damage].
c. Intervening cause:
*Do not use the bracketed first sentence if this charge is preceded by the charge on concurring cause:
* [In order to be regarded as a legal cause of [loss] [injury] [or] [damage], [a defect in a product] [negligence] need not be its only cause.] [A defect in a product] [Negligence] may also be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] occurring after the [product defect] [negligence] occurs if such other cause was itself reasonably foreseeable *798 and the [product defect] [negligence] contributes substantially to producing such [loss] [injury] [or] [damage] [or] [the resulting [loss] [injury] [or] [damage] was a reasonably foreseeable consequence of the [product defect] [negligence] and the [product defect] [negligence] contributes substantially to producing it].
NOTES ON USE FOR 403.12
1. Instruction 403.10a (legal cause generally) is to be given in all cases. Instruction 403.10b (concurring cause), to be given when the court considers it necessary, does not set forth any additional standard for the jury to consider in determining whether negligence was a legal cause of damage but only negates the idea that a defendant is excused from the consequences of his or her negligence by reason of some other cause concurring in time and contributing to the same damage. Instruction 403.10c.(intervening cause) is to be given only in cases in which the court concludes that there is a jury issue as to the presence and effect of an intervening cause.
2. The jury will properly consider instruction 403.10a not only in determining whether defendants negligence is actionable but also in determining whether claimants negligence contributed as a legal cause to claimants damage, thus reducing recovery.
3. Instruction 403.10b must be given whenever there is a contention that some other cause may have contributed, in whole or part, to the occurrence or resulting injury. If there is an issue of aggravation of a preexisting condition or of subsequent injuries or multiple events, instruction 501.2h(l) or (2) should be given as well. See Hart v. Stem, 824 So.2d 927, 932-34 (Fla. 5th DCA 2002); Mari-nelli v. Grace, 608 So.2d 833, 835 (Fla. 4th DCA 1992),
4. Instruction 403.10c (intervening cause) embraces two situations in which negligence may be a legal cause notwithstanding the influence of an intervening cause: (1) where the damage was a reasonably foreseeable consequence of the negligence although the other cause was not foreseeable, Mozer v. Semenza, 177 So.2d 880 (Fla. 3d DCA 1965); and (2) when the intervention of the other cause was itself foreseeable, Gibson v. Avis Rent-A-Car System Inc., 386 So.2d 520 (Fla.1980).
5. “Probable” results. The committee recommends that the jury not be charged that the damage must be such as would have appeared “probable” to the actor or to a reasonably careful person at the time of the negligence. In cases involving an intervening cause, the term “reasonably foreseeable” is used in place of “probable.” The terms are synonymous and interchangeable. See Sharon v. Lwten, 165 So.2d 806, 810 (Fla. 1st DCA 1964); Pros-ser, Torts (3d ed.) 291; 2 Harper and James, The Law of Torts 1137.
6. The term “substantially” is used throughout the instruction to describe the extent of contribution or influence negligence must have in order to be regarded as a legal cause. “Substantially” was chosen because the word has an acceptable common meaning and because it has been approved in Florida as a test of causation not only in relation to defendant’s negligence, Loftin v. Wilson, 67 So.2d 185, 191 (Fla.1953), but also in relation- to plaintiffs contributory negligence, Shayne v. Saunders, 129 Fla. 355, 176 So. 495, 498 (Fla-1937).
*799 403.13 PRELIMINARY ISSUE
(Reserved)
403.14 BURDEN OF PROOF ON PRELIMINARY ISSUE
If the greater weight of the evidence does not support (claimant’s) claim on this issue, then your verdict [on this issue] [on the claim of (claimant) ] should be for (defendant) [and you should decide the other issues on (claimant’s) claim].
If, however, the greater weight of the evidence supports (claimant’s) claim [on this issue], then you shall decide whether (the product) was defective [and also decide the other issues on (claimants) claim].
NOTE ON USE FOR 403.14
The bracketed language is for use if claimant makes alternative claim(s) of liability.
403.15 ISSUES ON MAIN CLAIM
The [next] issues you must decide on (claimant’s) claim against (defendant) are:
a. Express Warranty: •
whether (the product) failed to conform to representations of fact made by (defendant), orally or in writing, in connection with the [sale] [transaction], on which (name) relied in the [purchase and] use of the product, and, if so, whether that failure was a legal cause of the [loss] [injury] [or] [damage] to (claimant, decedent, or person for whose injury claim is made).

b. Implied Warrant of Merchantability:

whether (the product) was not reasonably fit for either the uses intended or the uses reasonably foreseeable by (defendant) and, if so, whether that lack of fitness was a legal cause of the [loss] [injury] [or] [damage] to (claimant, decedent, or person for whose injury claim is made).
c. Implied Warranty of Fitness for Particular Purpose:
whether (the product) was not reasonably fit for the specific purpose for which (defendant) knowingly sold (the product) and for which (claimant) bought (the product) in reliance on the judgment of (defendant) and, if so, whether that lack of fitness was a legal cause of the [loss] [injury] [or] [damage] to (claimant, decedent, or person for whose injury claim is made).

d. Strict Liability:

whether (the product) [was not built according to its intended design and thereby failed to perform as safely as the intended design would have performed] [and][or] [(the product) failed to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by the manufacturer] and (the product) reached (claimant) without substantial change affecting the condition in which it was sold and, if so, whether that failure was a legal cause of the [loss] [injury] [or] [damage] to (claimant, decedent, or person for whose injury claim is made).
e., Strict Liability — Failure to Warn:
whether the foreseeable risks of harm from (the product) could have been reduced or avoided by providing reasonable instructions or warnings and the failure to provide those warnings made (the product) unreasonably dangerous and, if so, whether that failure was a legal cause of the [loss] [injury] [or] [damage] to (claimant, decedent, or person for whose injury claim is made).

*800
f. Negligence:

whether (defendant) was negligent in (describe alleged negligence), and, if so, whether that was a legal cause of the [loss] [injury] [or] [damage] to (claimant, decedent, or person for whose injury claim is made).

g. Negligent Failure to Warn:

whether (defendant) negligently failed to warn about particular risks involved in the use of (the product), and, if so, whether that failure to warn was a legal cause of the [loss] [injury] [or] [damage] to (claimant, decedent, or person for whose injury claim is made).
403.16 ISSUES-QN CRASHWORTHINESS AND “ENHANCED-I-NJ-tJ-RY”-CLAIMS
(RESERVED)
[In addition, - there is a second set ■ of issues-you must-al-so decide- in this cased* (Claimant) [next] claims [he][she] -suffered [greater-]- [or].[additional]- injuries in-the accident than-[-he][-she] -would have-otherwise suffered if (describe the -alleged crashworthiness-defect) had-not-been-de■fective? — (Claimant)- does not claim that (describe the alleged crashworthiness ■ defect) caused the accident,**
⅛-Use — the—br-aeketed—language -when ■there are ■ other-defect claims in the case.
-**The defendant-is entitled to have the ¿jury instructed on this last sentence “when appropriated — D-Amaño ■ v.-Fori — M-etor-Co., -806-So?2d-4-2A4Fla.-2001-)?
The issues you must decide on this-c-laim are-whether (describe the alleged-defective part-of-the product) was defective-andr if so,-whether- that- defect was a legal cause of-[-loss-]-[injury]-[or] [damage] to (claimant, decedent, -or-person for whose injury claim is made)-that-was ■ [greater than]-[or] [additional to that-which] [he][she]-woald have suffered-jf (describe the-alleged defective par-t-of-the product)-had-not been defective?
A producb-is- defective if it -is-unreasonably dangerous when it leaves-the-possession -of-the [manufacturer] -[-seller] ■ [distributor] [supplier-]- [importer] [defendant] and the product-reaches the-user- or-consumer without substantial change affecting that condition?
A product-is- unreasonably-dangerous-to [the user] [a-person in- -the-vicinity of the productj-Mf-t-the -product fails~to-perform as safely as an ordinary-consumer would expect when-used as — intended - or when used -in-■a-manner reasonably--foreseeable by the-[-manufacturer] [selIer]-[-dlstributor] [supplier] [importer]].-
* When the injured person-is-a-bystand- or, use the-language in the-seeead set-of brackets? — See-Wcsi v. Caterpillar- Tractor Co., Inc., 336 -So.2d 80 (Fla.1976), and Sanchez-v.-H-ussey Seating Co.,--698-So?2d 1326 (Fla. 1st DCA 1997). See-4Q3?-7-note 2-
Normally a defendant is responsible-for only [loss] [injury] [or] [damagej-eausedby its product-and not the-actions of others. If you find that the (describe-the-alleged defective- part of the product)-was defective and-that defect caused-[loss-]-[injury] [or] — [damage]—to—(claimant)—that—was [greater- — than]—[or]—[additional-to—that which] would-have resulted-from the accident if (describe the alleged--defective -part of the product)- had not-been defective, you should-try-to-separate the-damages caused by (describe the alleged-defective-part-of the product), — determine what — part—of (claimants) [loss] [injury] [or]-[damage] ■resulted-from-(describe -the-alleg-ed defective -par-t-of the product), and--the-actions of others-and award (claimant)-money only for those damages caused-by-(describe-the alleged defective part-of- the product). However, if you cannot -separate ■ some or all of the damages, you must award (claim *801 ant)-any damages-that you cannot separate as -if-they were all caused by (defendant).
NOTES ON USE FOR 403.16
Í-. — The term “enhanced injur)''” -is not used — in this -Instruction — Although-cases use-that -term, the -committee-believes-that “enhance” has a connotation-not appropriate — fer—describing—traumatic—injuries. More-appropriate-terms might be “aggravated/’ ■“increased- injury ¿--or- ■ “separate injury.” For that reason, the committee has used-quotation marks for the term “en■hanced-injury” in the title to-this instr-uc-⅛©⅜ — Although many of these claims-involve motor vehicles, there is no reason the-same principle would not apply to any “enhanced injury” claim regardless of-the product involved.-
& — Use this- instruction for “crashwor-thiness^ — claims—instead—of-.instruction 40⅝1-5. — But instruction 403.15 should be ■used-together-with this instruction-when there-is also a defect claim--that does-not -involve-a -■ claim-of-■ an “enhanced injury.” In cases in which there is-a- claim that- one defect caused the accident but-a different defect caused an “enhanced injury,” it-may be-necessary to identify the-separate-de-■fectsv
⅜ — It—is- -not-necessary--to.repeat--the definition of defectiveness-i-n-paragraph-2 of-this-i-nstruction-if■ it has -already-been given-as part of earlier instructions.
4 — T-his instruction retains-the risk/benefit test for-product-defect,-which previously appeared in-PL 5. As noted in Note 3 to instruction 403.7, pending-further- development-in- the law, the committee takes no position on -whether-the risk/benefit test- is a -standard of product defect or an affirmative defense. — See- 403.-7,.403.18. — The risk/benefit test is — provided—in - both — instructions to illustrate how-it-is.used-in either-case. If-a court determines that the risk/benefit test is a test for-product defect, the -committee takes- no position on whether -both — the consumer expectations and-risk/benefit tests should--be given alternatively- or-together. '
403.17 BURDEN OF PROOF ON MAIN CLAIM
If the greater weight of the evidence does not support [one or more of] (claimant’s) claim[s], your verdict should be for (defendant) [on [that] [those] claim(s) ].
[However, if the greater weight of the evidence does support one or more of] (claimant’s) claim[s], then your verdict should be for (claimant) and against (defendant) [on [that] [those] claim(s) ].
[However, if the greater weight of the evidence supports (claimant’s) claim against one or [both] [more] of the defendants], then you should decide and write on the verdict form the percentage of the total fault of [both] [all] defendants that was caused by each of them.
Note on Use for 403.17
Use the first paragraph in all cases. If there is an affirmative defense to the claim, do not use either of the bracketed paragraphs; instead turn to instruction 403.18. If there is no affirmative defense, use the first or second bracketed paragraph depending on whether there is one defendant or more than one.
403.18 DEFENSE ISSUES
If, however, the greater weight of the evidence supports [ (claimant’s) claim] [one or more of (claimant’s) claims], then you shall consider the defense[s] raised by (defendant).
On the [first] defense, the issue[s] for you to decide [is][are]:

*802
a. Comparative Negligence:

whether (claimant) was [himself] [herself] negligent* and, if so, whether such negligence was a contributing legal cause of the injury or damage complained of.
* If the jury has not been previously instructed on the definition of negligence, instruction 401.4 should be inserted here. b. Risk/Benefit Defense:
whether, on balance, the [benefits] [or] [value] of (the product) outweigh the risks or danger connected with its use.
NOTE ON USE FOR 403.18b
In a strict liability defective design case, a defendant may be entitled to an affirmative defense based on the risk/benefit test. See Force v. Ford Motor Co., 879 So.2d 103, 106 (Fla. 5th DCA 2004); Adams v. G.D. Searle & Co., 576 So.2d 728, 733 (Fla. 2d DCA 1991); Cassisi v. Maytag Co., 396 So.2d 1140, 1145-46 (Fla. 1st DCA 1981). Pending further development in the law, the committee takes no position on whether the risk/benefit test is a standard for product defect that should be included in instruction 403.7 or an affirmative defense under instruction 403.18. The court should not, however, instruct on risk/benefit as both a test of defectiveness under 403.7 and as an affirmative defense under 403.18.

c. Government Rules Defense:

No instruction provided.
NOTE ON USE FOR 403.18c
Florida Statutes section 768.1256 provides for a rebuttable presumption in the event of compliance or noncompliance with government rules. The statute does not state whether the presumption is a burden-shifting or a vanishing presumption. See F.S. 90.301-90.304. Pending further development in the law, the committee offers no standard instruction on this presumption, leaving it up to the parties to propose instructions on a case-by-case basis.

d.State-of-the-art Defense:

In deciding the issues in this case, you shall consider the state-of-the-art of scientific and technical knowledge and other circumstances that existed at the time of (the product’s) manufacture, not at the time of the loss or injury.
NOTE ON USE FOR 403.18d
Instruction 403.7d applies only in defective design cases. F.S. 768.1257,
NOTES ON USE FOR 403.18
1. Comparative negligence is a defense to strict liability claims if based on grounds other than the failure of the user to discover the defect or to guard against the possibility of its existence. West v. Caterpillar Tractor Co., 336 So.2d 80, 90 (Fla.1976). Model Instruction 7 illustrates the defense of comparative negligence in a negligence/express warranty action against a retailer, and Model Instruction 8 illustrates the same defense in a negligence/strict liability action against a manufacturer and retailer.
2. The “patent danger doctrine” is not an independent defense but, to the extent applicable (see note 1), it is subsumed in the defense of contributory negligence. Auburn Machine Works Inc, v. Jones, 366 So.2d 1167 (Fla.1979).
403.19 BURDEN OF PROOF ON DEFENSE ISSUES
If the greater weight of the evidence does not support (defendant’s) defense[s] and the greater weight of the evidence supports (claimant’s) [claim] [one or more of (claimant’s) claims], then [your verdict should be for (claimant) in the *803 total amount of [his][her] damages.] *[you should decide and write on the verdict form what percentage of the total damages was caused by each defendant.]
* Use the second bracketed language when there is more than one defendant.
If, however, the greater weight of the evidence shows that both (claimant) and [ (defendant) ] [one or more of the defendants] [and] [(identify additional person(s) or entit(y)(ies)) ] were at fault and that the fault of each contributed as a legal cause of [loss] [injury] [or] [damage] sustained by (claimant), you should decide and write on the verdict form the total amount of the damages and what percentage of the total damages is chargeable to each party.

Use the following instruction in cases with a comparative neglipence defense and an apportionment of a non-party defense:

[If, however, the greater weight of the evidence shows that (claimant) and [ (defendant) ] [one or more of (defendants) ] [and] [(identify additional person(s) or en-tit(y)(ies)) ] were at fault and that the fault of each contributed as a legal cause of [loss] [injury] [or] [damage] sustained by (claimant), you should decide and write on the verdict form what percentage of the total fault of [both] [all] parties to this action [and] [(identify additional person(s) or entit(y)(ies)) ] is chargeable to each of them.]

Use the following paragraph in cases without a comparative negligence defense but with an apportionment of non-party defense:

[If, however, the greater weight of the evidence shows that [(defendant) ] [one or more of (defendants) ] and [(identify additional person(s) or entit(y)(ies)) ] were at fault and that the fault of each contributed as a legal cause of [loss] [injury] [or] [damage] sustained by (claimant), you should decide and write on the verdict form what percentage of the total fault of [(defendant(s)) ] [and] [(identify additional person(s) or entit(y)(ies)) ] is chargeable to each of them.]
NOTE ON USE FOR 403.19
Preemptive charges on defense issues. If a preemptive charge for claimant is appropriate on a defense issue, as when comparative negligence or assumption of risk has been brought to the jury’s attention on voir dire or by opening statements or argument and is now to be withdrawn, a charge in the form of instruction 401.13 should be given immediately following instruction 403.15. If a preemptive charge for defendant is required on some aspect of a defense, as when, for example, the court holds that any comparative negligence of the driver will reduce claimant’s recovery, a preemptive charge announcing the ruling should be given immediately after framing the defense issues (instruction 403.17).
MODEL CHARGE NO. 7
(product liability case; negligence and implied and-express warranty claims; comparative negligence as defense)

Facts-of-the hypothetical case

John Smith’s lawn had many pebbles in it, and he -asked Ms. Best of Best Hardware-Store, Inc., whether the-Best model E power mower, featured in- Best’s sale of discontinued — items, was suitable for cutting such a lawn. — Best manufactured and sold -such me-wers ■directly to-the public. -Mfe-Best replied-that the Best-model E had a guard -which deflected material out and-down, -instead-of sideways — so-that it could.safely be used in those — circumstances. At-the time of the sale, Ms. Best *804 could not find an owner's manual for the mower, but-she-promised to send one to Smith. — The manual contained- an express warning against mowing over loose impediments?-such as gravel, stones and small-rocks. — Smith'-bought-the—mower-,-—and mowed his-lawn-that same-day, — He-observed a few rocks ■■being-propelled ten to twenty ■ feet fonvard-from-the-mowery-but continued to mow. — A large rock was propelled sideways,-bouncing-off-of a nearby-wall and.-into ■ Smith’s ■ eye; — Smith sued Best -Hardware-for negligence, breach-of an express warranty and — breach- of — an implied-warranty of fitness for-a particular ■purpose; — Best denied--those- allegations and- pleaded ■ Smith’s ■ comparative ■ negligence; — Those issues are to be submitted to the jury.-

The court’s charge-

[24] — Members- of the — juay, I shall how-instruct you on the-Iaw that you must follow in reaching your-verdict, It is your -duty as jurors to-decide the issues, and-only those issues,-that I submit for determination by — your verdict» In — reaching your verdict, — you should consider and weigh the evidence, decide the-disputed issues of fact, and appty the law~on — which-I -shall instruct you, to facts as you find-them — from the evidence.
The evidence in this case consists-of the sworn-testimony-of-the-w4tnessesrall exhibits received in - evidence and all facts-that -may be admitted-or agreed to
In determining- the -facts, you-may-dr-aw-reasenable-inferences -from the evidence. — ¥ou may make-deductions -and reach — conclusions—which reason — and common-sense lead-you — to-draw—from the-facts-shown by-the-evidence -in-this case, but ;mu should not speculate on any-matters outside the evidence.
[-2,2a] — In determining the believability-of any witness and the weight-to-be given the testimony- of any witness,-you ma;y properly consider the demeanor-of the-witness while-testifying; the-frankness or lack of-frankness of the witness; the-intelligence-of the witness; — any-interest the witness-may have -in-the-outcome of the case; the-means and opportunity the witness had to know the facts about which -the -witness testified; — the ability of the witness to remember- the matters about-which the witness testified; and the reasonableness of -the- testimony of the-witness, considered in the light of all the evidence in the case and in the light of your-own experience-and common sense.
[2,2ft] — Some of -the testimony-before you was in the form-of opinions -about certain technical subjects.
You may accept such opinion testimony, reject it, or give-it the weight-you think it deserves, considering the knowledge, skill, experience, training or--education of- the-witness; the reasons given by the witness for the-opinion expressed; and-all the other-evidence in the case.
[2A] — In your deliberations, you are to — consider—three—distinct—claims. Plaintiff, John Smith, alleges, firstrthat defendant, Best-Hardware, was — negligent in the transaction about which-you have heard evidences- second, that-Best breached an express-watrantg made-in selling the lawn-mower in question,• and, third, that-Best breached- an-implied warranty that the mower was fit for a particular purpose* Best denies-all claims andr-further, alleges,-as-Or4efense to-all claims, that-Smith was,-himself, negligent in the-operation of-the-laum mower, — Although all of Smith’s claims have been tried together, each is separate from the-otherSr and each party is entitled to have-you-separately consider *805 each claim as it affects that party. Therefore, in your deliberations} you should-consider the -evidence as it relates to each claim separately, as you would-had-each claim-been tried before you separately,
[Conventional charge on claim 3.5] The issues-for your-determination on the negligence claim -of-plaintiff Smith against defendant Best — Hardware are whether Best was negligent-in failing-to warn Smith- of a known danger in the operation-of the lawn mower sold to Smith-by-Best and, if- so, [3.6c] whether such negligence was-a-degal cause-of injury — or-damage sustained by Smith.
⅛⅜] — Negligence is the failure to use reasonable-care. — Reasonable care is that degree- of care which a reasonably careful-person would use under-like circumstances»--Negligence may consist-either in doing something-that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.
[⅜¾ — If the greater-weight of the evidence-does-not support the negligence claim-of Smith, then-your verdict ora that claim should be for-Best Hardware.
[PL] The issues for-your determination on the breach of warranty claims of plaintiff, Smith, against defendant, Best Hardware,-are ■ whether- the lawn mower sold by Best was defective-when it left the possession of Best and, if so, whether- such-defect-was a legal cause of injury or damage sustained by Smith. — The product is defective [PL--1-] if it does not conform-to representations-of fact made by Best,-orally or in writingT-in connection with the sale, on-which Smith relied in-the purchase and use of the product, — Suoh-a-representation must be one of fact, rather than opinion. — The product is also defective [PL-3] if it is not reasonably fit for the specific purpose for which-Best knowingly-sold the product and for which- Smiths- bought the product in reliance on the judgment of Best
[.PL resumed] — If-the greater weight of-the evidence does not support either of — the breach -of warranty — claims of Smith, your — verdict on those claims should be for-Best Hardware.
[3.8 and -PL combined] — However, if the greater weight-of the-evidence does support any one of Smith’s claims, then you- shall consider-the-defense raised by Best Hardware. — On the-defense, the issues for your determination are [3.8a modified] whether- Smith-was, himself, negligent in his operalion-or-use of the lawn- mower- and, if so, whether such negligence — was—a—contributing—legal cause — of the injury or damage complained of.
[3.8 modified] — If the greater weight of — the evidence does not — support the defense — of Best — Hardware,—and—the greater weight of the evidence-does support one or-more of the claims of Smith, then-your verdict should be-for Smith in the total amount of his damages. — ⅜ however, the greater weight of the evidence shows either that Best-Hardware was negligent or-that the-4awn mower was-defective in the-manner-I-have described, and shows-also that-Smith was negligent, -and that the negligence of Besty-or the defect, and the-negligence of Smith each-contributed as a legal cause of-injury or damage sustained-by Smith, you-should determine and-write on the verdict form-what percentage of the total-fault of both parties to-this action is chargeable to each.
—“Greater—weight—of the — evidence” means- the more persuasive and *806 convincing force-and effect of the entire evidence in the case.
[5.1a and .5.2a-combincdj — Negligence or a defect in a product is a legal cause of loss, injury or- damage if it directly and in a natural and continuous sequence produces or contributes substantially-to- producing such-loss, injur-y-or damage, so that it can reasonably — be said-that, but-for the negligence or-<⅛-fect, the loss, injury or damage would not have occurred,
[5.1⅛ and 5.2b combined]. In order-to be regarded as a legal — cause of — loss, injury or damage, negligence or a defect in-a-productneeA not be the only cause. Negligence or a defect may be a-legal cause of loss, injury or damage- even though it operates in combination-w-ith the act of another,- if-suGh other cause occurs at the-same time-as the negligence, or at the-same time the defect has its effect, and-if-the negligence or defect contributes substantially to producing such loss, injury or damage.
[6,1c] — If —your- verdict — is for Best Hardware on all of Smith’s claims?- you will-not-consider-the matter of damages. But, if-you find for Smith on any of-his claims, you should determine and write on the-verdict formrin-dollars, the total amount-of damage which the greater weight of the-evidence shows-he — sustained as a-result of the incident complained-of, including any-such damage as Smith is-reasonably certain to experience in the-future, — You shall-eonsider the following-elements:
⅜⅜⅛] — Any bodily injury sustained-by Smith and-any-resulting pain and suffering, — disability or physical — impairment, — disfigurement, mental anguish, inconvenience-or-loss of capacity for the enjoyment-of — life experienced in the past, or to be experienced in-the-future. There is -no-exact standard for measuring such damage. — The amount-should be fair -and just, in the light-of the evidence,
[6,2c] — The-reasonable-expense of- hospitalization-and mediGal-care and-treatment necessarily or reasonably obtained by Smith in the past, or to be so obtained in the-future,
[6,-2(£] — Any earnings lost -in-the-past, and any-loss of ability to earn money in the future,
[6,9a] — If—the greater — weight of the evidence shows-that Smith-has-been permanently injured, you-may consider his life -expectancy, — The mortality tables received-in evidence may be considered in determining- how long Smith-may be expected to live, — Such tables are not binding-on you, but may be considered together- with other evidence in the case bearing on Smith’s health, age and-physical condition, before and after-the-injury, — in—determining the probable length of his life.
[6.10] — Any-amount of-damages-which you-allow for future-medical expenses or loss of ability to earn money- in the future -should-be reduced-to its present money value,-and onfy the- present-money value should be stated in your-verdict, -The-present money value of future economic damages is the sum-of — money needed now — which, together — with-what that sum-will- earn in ■ -the-futurey will compensate Smith for these losses as they-are actually experienced in future years.
[6,1c, resumed] — In determining the total amount of damages, ;mu should not make an;^ reduction because-of the negligence, if-any, of Smith. — The court will enter-a — judgment—based on your verdict and,-if-you find-that Smith was *807 negligent — in—any degree) the court,-d« entering-judgment; will-reduce the total amount of damages by the percentage of negligence which you find is chargeable to Smith»
⅞¾ — Your verdict-must be based on the evidence that hasdbeen- received; and the law on which I have instructed you. In reaching your verdict, you are not to be swayed from the performance of your duty by-prejudice, sympatic or any other sentiment for or against any party.
⅞¾ — When- you r-etire to the jury room,- you should select one of your number to act as foreman-or-forewoman, to preside over -your deliberations and sign your verdict. — Your verdict must be-unanimous, that is, your verdict must be- agreed to by each of you. — You will be given a verdict — form, which I shall noAV-read and explain-to-you.

(Court reads and explains-verdict form)

When-you have agreed-on-your verdict, the foreman or forewoman, acting for the jur-yy-should date and sign it. — You may now-retire to consider your verdict.

Special Verdict-Form

VERDICT
We,-the jury, return the following verdict!
4. — Was-there negligence on the part of defendant. Best Hardware Store,-Inci, which-was a-legal cause of damage to plaintiffi-John Smith?
YES ;¾?
⅛ — Was-t-he-lawn mower dofoctivo when sold and, ¾⅛⅝ was the defect a legal cause of-damage to plaintiff, John Smitltf-
YES NO
If your answers to-questions l-and-⅞-are both NO, your verdict is for defendant, and you should not proceed further except to date-and sign-t-his-verdict form-and return it to the courtroom, — If-your answer to either qucstion-l-or question 2 is YES, please answer question 3.
S< — Was thore-nogligence on the part-of plaintiff, John Smithr-which-was-a-lcgal cause of his damage?
YES vn
If your answer to question 8 is YES, please answer question 4, If your answer to question 3 is NO, skip question 4 and-answer question 5.
4, — State tho-percentage-of- any faulty-which was a legal-cause of-damage to plaintiff,-John-Smith, that you charge to:
Defendant, Best -Hardware Storo
Plaintiff, John-Smith
Total must bo
Please answer-question 5.
⅜ — What-is the-total amount (100%) of-an3-damages sustained by -plaintiff, John Smith,-and causod-by the incident in question?
Total damages of plaintiff, John Smith $
■In-determining-the total amount of damages, do not make any reduction because of the negligence, if any, of plaintiff, John-Smith. If you find plaintiff, John Smith,-negligenMn any degree, the court, in entering judgment, will-reduce Smith’s total amount of damages-(-100%) by-the percentage of negligence-which you find-is chargeable-to Smith,
SQ-SA-Y-WE ABLrthis dajMif 19
FOREMAN OR FOREWOMAN
NQ-T-E-ON US-E
Eor — a model-itemized verdict form, as contemplated- by section 768.77, Florida Statutes, refer- to Model Verdict Form SI-
MODEL CHARGE NO, 8
(product liability-case; negligence and strict liability claims; -comparative negligence defense)

Facts-of the hypothetical case

John Smith — was injured — when he was struck by a-new hay baler being driven by Dilbert Driver on the highway-near- Driv-eFs — farm-—The—hay—baler—suddenly swerved-across the-road into the path of Smith, who-was-approaching-in the opposite direction, — At the time, Smith was *808 watching- a group-of deer in a field-near-the road, and failed-to- observe the -hay baler-inr4ime to avoid the collision with-his vehicle. — An examination of-the hay-baler revealed-that part of the steering-mechanism was designed- in such a way-that- it could-not sustain the — speed.of—highway driving. — The—mechanism—had—broken,■ making it impossible-for Driver to-steer the baler. — There-was evidence that-a-person-cenld have observed -the weakened condition of the steering mechanism- had he or she examined -it-before driving the hay baler. — Smith sued Driver, alleging that — his-operation-of—the hay baler had been negligent. — Smith-also sued the manufacturer of the hay-baler,■■-Mishap Manufacturing- Co., and-the retailer seller, Sharp Sales-Co-., alleging-that the hay baler-had been defectively bnilt and that both had been -negligent-in-their inspections of-the hay baler. — He sought- recovery against both-the-manufacturer-and the retailer-on claims of (1) negligence and (2)-str-iet-llabil-ity, — The defendants denied liability,- and affirmatively alleged that Smith had been comparatively negligent. — All issues are to be submitted to the-jury?

The couvifs-eharge

⅛1] — Members of — the jury,- -I — shall now — instruct you on the law that you must -follow in reaching your-verdicfi— It is your duty as jurors to decide — the issuesr-and only-those issues, that I submit for your determination by your-ver-diet, — In- reaching your verdict, — you should-consider and weigh the evidence, decide-the disputed-issues of fact, and apply-the law on which I -shall instruct yoUj-to-facts as you-find them from the evidence,
The-evidence in this case consists-of the sworn-testimony of the witnesses, all exhibits- received - in — evidence- - and — all facts that may be admitted or agreed to by the-parties.
In determining the — facts, you may draw-r-easonable inferences from the evidence, — ¥ou may make deductions and reach — conclusions—which reason — and common sense lead you to draw -from the -facts-shown-by the evidence in-this case, but you should-not speculate-on any matters outside the-evidence,
[2.2oj — In determining the believabilityr of any witness and-the weight-to-be given-the-testimony of any witness, you may- properly consider the demeanor of the witness while-testifying; the frankness or-lack of-frankness of the witness; the intelligence of the-witness; - any-interest the-witness-may-have in the-outcome of-the case; -the-means and-opportunity- the witness had-to know- the-facts about which the witness testified;-the ability of the witness to remember the matters about which the witness testified; and -the reasonableness of the-testimony-of- the witness^considered in-the light of-all the evidence-in the case-and in the light of your-ow-n- experience-and common sense.
[⅜2⅛] — Some of the testimony before you was in the form of-opinions about certain technical subjects,
You may accept such opinion testimony, -rejeGb it, -or-give-it-the weight you think it- deserves, considering the knowledge, skill, experience,-training or-education-of-the witness; — the reasons-given by the-witness for-the-opinion expressed; and all the other-evidence in-the-case,
⅛4] — In your — deliberations, you are to — consider—several—distinct—claims, Plaintiff,-John Smith,-alleges, firstr-that defendant Dilbert Driver was negligent in operating the hay baler in the circum-stancesshown by the-evidence, and that such-negligence- was a legal cause of *809 injury-to-Smith. Smith also alleges that the -defendants Mishap - Manufacturing Company, the manufacturer, and Sharp Sales-Company, the -retail seller,- were negligent — Mishap—in—designinyr-manu-facturing-and- inspeeting-the baler-y-and Sharp-in-inspecting-it before sale. — FU nallyr-Smith also alleges that, regardless of whether they were negligent or not, Mishap and Sharp-should-be held strictly liable-for- his damages because they placedr-the hay baler on the market in a defective— condition^ — unreasonably - dangerous-to the usen.All three defendants deny-these claims and assert, -as-a-de-fenser that Smith was, himself, negligent in the operation — of- his vehicle. — Although-Smith’s claims have been tried together-, each is separate from the others, -and-each party-is entitled to have you separately consider each claim as it affects--that party. — Therefore,-in-your deliberations, you -should consider the evidence as it relates-to-each claim sepa-ratel-yr-as you would had each claim been-tried before you separately.
[Conventional charge on claim 3.5] The issues — for your-determination on the negligence claims-of plaintiff Smith against defendants-are whether defendant-Dr-iver was negligent in operating the hay baler at the-time and-place in question, — whether—defendant—Mishap was negligent in designing, manufacturing or-inspecting-the hay baler, thereby placing it on the market in a defective condition, and whether-defendant-Sharp was -negligent in inspecting the hay baler before sale; and, if so, [3.6c] whether such — negligence was a legal cause-of loss, — injuyy or damage sustained by Smith»
[4⅞ — Negligence is the failure-to-use reasonable care. — Reasonable care is that-degree of care which a reasonably careful person would use under-like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing- to do something that a reasonably careful person would -do under like circumstances.
[3⅜ — If the greater weight of the evidence does noC-support the negligence claim of-plaintiff-Smith against-defendant Driver, or-defendant Mishap, or defendant Sharp, then your-verdict on that-claim should be for t/mt-defendant,
[PL] The issues-for your determination-on the strict — liability-clainis of plaintiff Smith against-defendants Mishap-and Sharp are whether the- hay baler-sold by the defendant was-defective when-it left the possession of-the defendant andr-if-so, whether such-defect was a legal cause of-Ioss, injury or damage sustained by Smith. A product-is defective [PL 4] if it-is~in a condition unreasonably dangerous-to the user and the product is expected to and does reach the user-without-substantial change affecting that condition.
[PL resumed] I-f- the greater-weight of the-evidence does not support-the strict liability -claim of-plaintiff Smith against Mishap, the manufacturer, or — against Sharpr-the retail-seller, then your verdict on that claim should-be for that defendant.
[-3,8- and PL combined] — However, if the greater-weight-of-the evidence does support — plaintiff—Smith ⅛ — negligence claim against any-defendant or-his strict liability-claim against defendant Mishap or defendant Sharp, then-you-shall consider the defense raised by that defendant. — On the defense, the issues for your-determination are [3,8a-] whether Smith was, himself,-negligent-in-the operation of his vehicle, and, if so, whether such negligence was a contributing le *810 gal-cause of the injury or damage complained of.
[3,8 modified] — If the-gr-eater weight of the evidence does not support the defense of defendants, and the greater weight of the evidence-does support one or more of the claims of Smith, then your-verdict should be for Smith in the total amount of-his damages. If, however, the greater weight of the-evidence shows that on e-or-more-of-the defendants were negligent or that the hay baler was defective when sold by defendant Mishap or by defendant Sharp, and the evidence-shows also that Smith was negligent, you should determine and-write on the verdict for-m-what -percentage of the total fault of all-parties to this-action is chargeable to each,
⅜9] — “Greater—weight—of—the—evidence” means the-more-persuasive and convincing force and effect of the entire evidence in the case.
[54a and 5.2a combined] — Negligence or-a-defect in a product is a legal cause of-loss, injury or-damage if it directly and in a natural and continuous sequence produces or contributes- substantially^to producing such loss, injury or damage, so that -it can reasonably be said that, but for-the negligence or defect, the loss, injury or damage would not-have occurred,
[5,16 and 5,25 combined] — In order to be -regarded as — a- legal-causa of loss, injury or damage, negligence or a defect in a product need not be the-only cause. Negligence or a defect may-be a legal cause- of loss, injury or — damage even though it operates in-combination with the act of another, if such other cause occurs at the same time- as the negligence, or at thesame time-tlw-defect-has-its effect, and if the negligence or defect contributes substantially to producing such loss, injury or damage.
[6,1c] — If your verdict is -for all defendants on-aW-of plaintiff-Smithr’s-claims, you will not consider the-matter of damages, But, if you find for Smith on any of his claims-against any defendant, you should determine and write on the verdict form, in dollars, the total amount of loss-or-damage which the-greater weight of the evidence showed-Smith sustained as a result of the incident complained of, including any such damage as Smith is reasonably- certain to -experience -in the future, — You shall-consider the following elements;
[6,2a] — Any-bodily injury sustained by Smith and-any resulting — pain and-suffering, — disability or physical impairment, — disfigurement,—mental anguish, inconvenience or loss of-capacity for the enjoyment of life experienced in the past, or-to-be-experienced-in the-future. There is no-exact standard for measuring such-damage, — The amount-should be fair and just, in the light — of—the-evidence,
[6,2c] — The-reasonable expense of hospitalization-and medical-care and treatment necessarily or reasonably obtained by Smith-in — the past,-or- to be so-obtained in-the-future,
[6,2rf] — Any- earnings lost in the past, and any loss of ability to earn money in the future,
[6.9a-] — If the greater weight of the evidence shows that Smith has been permanently injured,-you-may consider-his life expectancy, — The mortality tables received in evidence may be considered in determining how long-Smith may- be expected- to live, — Such tables are not binding on you, but may be considered together-with-other evidence in the-case bearing-on-Smith’s-healthr age and-physical condition, before and after the injury, in determining the probable length of his-life,
*811 [6.10] — Any-amount of damages which you allow for future-medical expenses or loss-of- ability to -earn -money in -the futurc-should-be reduced to its present money value» and only the present money value-of-these future- economic damages should be included-in-your verdict. The present money value of future economic-damages is the sum of money needed now which, together with what that sum will earn in the-future, will compensate Smith for — these losses-as thejr are actually experienced in future years.
[6.1<¾ — resumed]—In-determining -the total -amount of damages, you should not make-any reduction-because of the negligence, if any, of-Smith. — The court will enter a judgment — based on your verdict-and) if you find that-Smith was negligent in any degree, the court, in entering-judgment, will reduce the total amount-of damages by the percentage of negligence which you find is chargeable to Smith.
[⅞4] — ¥our--verdicC-must be based- on the evidence that has-been received, and the law on which I have instructed you. In reaching your verdict,- you are not to be swayed from the performance of your duty by-prejudice, sympathy or any other sentiment for or against any party.
⅛2] — When you retire to the jury room, — you should select one of your number-to act as foreman or forewoman, to preside over -your — deliberations and sign your verdict. — Your verdict must be unanimous, that-is, your verdict must be agreed to by-each of you, — You will be -given a verdict form, which I shall now read and explain to you.

(Court reads and explains-verdict form)

When-you have agreed on your verdict, the foreman or forewoman, acting for the-jury,-should date and sign it, — You aay-now retire to consider your verdict.

Speeial-Verdict Form

VERDICT
-We, the-jury, return the following ver-dicti
la, — Did- defendant Mishap-Manufacturing Co.- place the hay baler on the market with a defect which was a legal cause — of—damage—to—plaintiff,—John Smith?
YES= NO
lb, — Was there negligence-on the part of defendant Mishap Manufacturing Co. which was-a-legal cause of damage to plaintiff, Jdhn-Smith?
YES^ NO
2a, — Did defendant Sharp-Sales Co, place the hayMbaler on the-market with a defect which was - a legal-cause of damage to plaintiff, John Smith?
YES:= ND-—
2b, — Was-there negligence on the part of defendant Sharp Sales Co, which was a^Iegal cause-of damage-to plaintiff, John Smith?
YES=, NO
& — Was-there negligence on the part of defendant-Dilbert Driver which was a legal cause of damage to plaintiff, John Smith?
¥ES-^=NO
If your answers to this point are all NO, your verdiet-is ■ for the defendants, and you should not proceed further except to date and sign-this verdict-form and return it to-the- courtroom, — If your answer to any-of-the preceding-questions is YES, please answer question 1,
4, — Was there-negligence on the-part of plaintiff, John Smith, which was a legal cause-of-his damage?
*812 YES.- NO_,
Please answer question 5,
5, — State-the percentage of any responsibility- for plaintiff — Smith'S-damages that you charge-to; Defendant Mishap Manufacturing Co, (fill in only-if you answered YES to question-la, question lb, or both) _%
Defendant Sharp Sales Co. (fill in only if 3rou answered YES to question 2a, question 2b, or both) _%
Defendant Dilbert Driver-(-filI in only if you answered YES to question 3) %
Plaintiff,-John Smith (fill in-only if you answered YES to question-4) _%
TOTAL -RESPONSIBILITY OF ALL PARTIES-MUST BE-100%
Please answer question 6.
6, — What-is-the total-amount- (-100%) of any damages sustained-hy plaintiff, John Smith, and caused by the incident in question?
Total damages of plaintiff, John Smith $
In-deter-mining the total amount-of-damages, do-not make- any-reduction because of-the-negligence, if any, of plaintiff, John Smith. — If you find plaintif^-John Smith, negligent in any degree, the-court,-in-entering judgment, wiU reduee-Smith’s total amount of damages (100%)-by-the percentage of negligence which you-find is chargeable-to Smith.
SO SAY WE ALL, this day-of 19
FOREMAN OR FOREWOMAN
■NQ-T-E-ON-OSE
-For-a-medel itemized-verd-ict form,-as contemplated by ■ section — 768-77, Florida Statutes-,-refer to Model-Verdict Form ⅛-!.-
COMMENT ON MODEL CHARGE N-CE-8
The — Committee—purposefully—omitted from- this-hypothetical-caser-and from-Mod-
el Charge No.--7,-a-ny possible claim-by John Smith against-the retailer or manufacturer based-upon an implied warranty theory. — Whether-or-not Smith was in privity — with—either—defendant,—see ■§-6-7-2.318, Fla. Stat,- (1995), and-regardless of-any implied warranty claim ■ -that-may ■have -existed -notwithstanding the strict -liability claim, see Kramer v. Piper-Air&mft Govy., 520- So.2d 37, 39 n.4 (Fla.l-988)r-the claims in this hypothetical case included no claim of-implied warranty.
The model charge-and verdict- -foi-m-as-sume that both- the-negligence and strict ■liability claims are to be submitted- to--the ⅜¾¾⅞ — In cases-i-nvol-ving claims of-both ■negligent and defective DESIGN,-however-,-submission-of-both claims may- result-in an-inconsistent verdict. — See, e.g., Consolidated- Aluminum- -Corp. v. Brmm¡ — 447 So.2d 391 (Fla.-dth-DCA -1984-);--.4⅜⅞⅛ Divr of Consolidated Aluminum Corp. v. Bobbin, 458 So.2d-33S-(Fla. 3d DCA 1984), North American Catamaran Racing-Asm ■v. - McCollister, -48Q-So.2d -669 -(F-la^-Sth DCA 1985). — See-eAso-Moomanr v. Ameri-eem-Safety Equipment~ 594 So.2d 795-(-F-la. 4th-DCA 1992)-